Woodfill and Others *v.* The Town of Greensburgh.

WOODFILL and Others *v.* THE TOWN OF GREENSBURGH.

It would seem that a fair and reasonable construction of section 51, p. 491, 1 R. S., would not exact from persons, seeking to have territory annexed, the necessity of naming, in the notice of such intended application, each person owning parts of said territory, if the same were otherwise therein so described and identified as to give such persons notice that their interests were to be involved.

Where an appeal is taken by several defendants, some of whom assign errors in this Court, and others of whom do not, the appeal will be dismissed as to the latter for the want of such assignment, which is equivalent to a declination to join in prosecuting the appeal further.

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—This was a proceeding by the authorities of an incorporated town to annex territory, or to extend the corporate limits over additional territory. It may be fairly inferred from the notice and petition that it was intended as a proceeding under the 51st sec., p. 491, 1 R. S., and was initiated by the trustees of said town. The notice, specified in said section, was given by publication in a newspaper; that, and the petition presented, each described the territory to be annexed by metes and bounds, and was then followed by this allegation, "containing the lands of," &c., giving the names of some thirty persons. The persons so named appear to have been made defendants.

Upon the presentation of said petition to the Board of County Commissioners, a part of said persons appeared, for others a guardian *ad litem* was appointed—they being minors; others still were defaulted. The attorneys who appeared for a part of said persons, also, showed by affidavit that one *Galay* was not named in said petition and notice as being the owner of lands in said named territory, was then, and had a long time been, the owner of a part of the said territory, and that his deed was duly of record; that he was a non-resident of

the county, being a resident of *Switzerland* county, and that he had not been notified of the said application. Upon this a motion was made to make him a party and continue, that he might be notified. This motion was overruled. An order was entered annexing said territory. From this an appeal was taken to the Circuit Court. There a motion was made, based upon said affidavit, to certify said case to the Board of Commissioners that said *Galay* might be made a defendant. The motion was overruled. An answer was then filed by a part of the defendants, who had appeared in the Commissioner's Court, setting up the same facts as to said *Galay*, by way of abatement. A demurrer was sustained to said answer.

It is not certain that a fair and reasonable construction of section 51, referred to, would exact from persons, seeking to have territory annexed, the necessity of naming, in the notice of such intended application, each person owning parts of said territory, if the same was otherwise therein so described and identified as to give such persons notice that their interests were to be involved.

In the case at bar the description of the territory sought to be annexed, as contained in the notice, is as follows: commencing at the north-west corner of *Monfort's* addition to, &c., thence north on the half section line to the south side of the *Michigan* road, thence east to the west line of *Hendricks'* addition to, &c., thence south along said line to the north line of the original plat of said town, thence west to the north-west corner thereof, thence south to the north-east corner of *Monfort's* addition, thence west to the place of beginning, containing the lands of, &c.

That part, alleged to be owned by *Galay*, is stated to be a part of sec. 2, township 10, range 9, beginning on the line of donation to the town of *Greensburgh*, eighty-one links east of the north-west corner of the plat of said town, at a stake

in the *Michigan* road, thence north 122 poles to the line of donation, thence west eight poles to the place of beginning.

Was the publication of a notice, embodying the above statement of metes and bounds, sufficient to give the jurisdiction of said *Galay*, containing at the same time the statement following, that said described bounds contained the lands of certain persons, among whom said *Galay* was not named? We think it was sufficient. We have already intimated that it was not necessary in the notice to name the holders of lands intended to be embraced in such annexation. The description of the territory by metes and bounds being sufficient in said notice. The additional allegation, therefore, professing to give the names of such land owners, in the case at bar, having been made in such form as to be distinct and capable of separation from such description, without impairing it, we think should be treated as mere surplusage.

It is insisted by the appellee that the appeal should be dismissed because errors are assigned only by a part of the defendants below, and the balance were not summoned and severed.

The record shows that the appeal was prayed by all the defendants, and the bond executed for all. In that shape the record was sent up. A part only assign errors in this Court. As to the balance who do not, the appeal will be dismissed, for the want of such assignment, as the same is equivalent to a declination to join in prosecuting the appeal further. 2 R. S. 1858.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Gavin* and *Oscar B. Hord*, for the appellants.

*J. S. Scobey*, for the appellees.