EDMUNDS, Treasurer, &c. v. GOOKINS *et al.*

TERRE HAUTE—ANNEXATION.—Section 83 (Acts 1857, p. 70) cures any defect in the previous annexation of territory contiguous to a city organized under the general act for the organization of cities, where the city has filed a plat or map of survey, defining the metes and boundaries of such annexed territory, in the office of the recorder of the proper county.

APPEAL from the *Vigo* Circuit Court.

WORDEN, J.—In 1856 the common council of the city of *Terre Haute*, by resolution, extended the city limits, taking in certain territory contiguous thereto. They also filed a copy of the resolution, with plat and map of survey, &c., in the proper recorder's office, as provided for by section 81, 1 R. S. 1852, p. 220.

Taxes having been assessed by the city against the appellees in this case, on property thus annexed, they filed a complaint against *Edmunds*, the treasurer, to restrain the collection of such taxes.

On the final hearing of the cause, it was adjudged by the Court that the resolution extending the limits of the city was

Edmunds, Treasurer, &c. *v.* Gookins et al.

null and void, and that the defendant be enjoined from the collection of the taxes.

The objection urged against the resolution is, that the territory thus annexed had not been laid off into lots and platted, according to the true intent and meaning of the section of the statute above cited.

We shall not discuss the validity of the original annexation, for the reason that a subsequent statute cures any supposed defect.

The act of *March* 9th, 1857, on the subject of the incorporation of cities, &c., contains the following provision : "Whenever any city, incorporated under the acts hereby repealed, shall have, since the adoption of said acts by said city heretofore, by a resolution of the common council, annexed any territory contiguous to said city, and shall have filed a plat or map of survey, defining the metes and boundaries of such annexed territory, in the office of the recorder of the proper county, such annexation of territory shall be deemed to be valid and effectual, and such annexed territory shall be deemed a part of such city, and within the jurisdiction of the same, from the time of the adoption of the said resolution," Acts 1857, p. 70, § 83.

We are unable to perceive any reason why the above statute should not be deemed applicable to the annexation thus made; nor do we think there is any well-founded objection to the law itself.

*Per Curiam.*—The judgment below is reversed with costs, and the cause remanded.[1]

*McDonald & Roache, Charles Y. Patterson* and *Mack,* for the appellant.

*D. W. Voorhees* and *J. E. Risley,* for the appellees.

(1)    Petition for rehearing overruled, *August* 26, 1863.