### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1877, IN THE SIXTY-FIRST YEAR OF THE STATE.

------

## STILZ ET AL. *v.* THE CITY OF INDIANAPOLIS ET AL.

CITY.—*Constitutional Law.*—*Annexing Contiguous Lands.*—The act of March 14th, 1867, providing "for the incorporation of cities," etc., in so far as it authorizes a board of commissioners, on the petition of the common council of a city, to annex to such city territory contiguous thereto, (1 R. S. 1876, p. 311, secs. 85, 86) is constitutional.

SAME.—*Eminent Domain.*—The authority conferred by such act, upon a county board, to so annex to a city territory contiguous thereto, is not founded upon the right of eminent domain.

SAME.—*Common Law.*—*Statute.*—The power of the proper authority to alter the boundaries of a civil corporation, or annex thereto contiguous territory, existed at common law, but in this State is statutory.

SAME.—*Petition.*—*Common Council.*—*Signatures.*—The petition to the county board, by the mayor and common council of a city, asking for the annexation to such city of contiguous territory, need not be signed unanimously by the members of such council; the signatures thereto of a number of such members exceeding two-thirds being sufficient.

SAME.—*Description of Territory to be Annexed.*—Where the contiguous territory, which it is desired to annex to a city, is described in the petition

515

by the divisions formed by the congressional surveys, and by subdivisions thereof, capable of being ascertained, such description is sufficient.

SAME.—*Plat.— When Filed.—Amendment.*—The plat of the land proposed, in the petition therefor, to be annexed to a city, need not be filed at the time such petition is filed, but may be filed thereafter at any time before the county board has finally acted upon such petition, even over the objection of a remonstrant.

SAME.—*Filing Petition.— When.—Notice of.*—The statute authorizing such petition does not require that it shall be filed any specified period prior to the first day of the session of the county board at which it is intended to present it, but thirty days' notice of such intention must be given.

SAME.—*Survey.*—If such petition contain a specific description of the premises asked to be annexed, and the plat filed therewith contain a copy of an actual established survey thereof, though theretofore made for another purpose, a survey for the purposes of such petition is unnecessary.

SAME.—*Power of the City to Tax Farm Land.—Injunction.*—The power of a city to tax, for her municipal purposes, a tract of farm or garden land, contiguous to such city, can not be called in question in an action by the owner thereof, against such city and a county board, to enjoin them from executing an order of such board, annexing such land to such city.

From the Marion Superior Court.

*N. B. Taylor, F. Rand, E. Taylor, C. H. Test* and *J. Coburn,* for appellants.

*C. W. Smith* and *R. O. Hawkins,* for appellees.

BIDDLE, J.—Proceedings to annex certain territory to the city of Indianapolis, under the authority of sections 85 and 86 (1 R. S. 1876, p. 311) of the act of March 14th, 1867, touching the incorporation of cities, and prescribing their powers. As much of the act as affects the question before us, provides as follows :

" Sec. 85.    *    *    *    If any city shall desire to annex contiguous territory not laid off in lots, and to the annexation of which the owner will not consent, the common council shall present to the board of county commissioners a petition setting forth the reasons of such annexation, and, at the same time, present to such board an accurate description, by metes and bounds, accompanied with a plat of the lands or territory proposed or desired to be annexed to such city. The common council shall give thirty days' notice, by publication in some

newspaper of the city, of the intended·petition, describing in such notice the territory sought to be annexed.

" Sec. 86.   The board of county commissioners, upon the reception of such petition, shall consider the same, and shall hear the testimony offered for or against such annexation, and if, after inspection of the map and of the proceedings had in the case, such board is of opinion that the prayer of the petition should be granted, it shall cause an entry to be made in the order book, specifying the territory annexed, with the boundaries of the same, according to the survey, and they shall cause an attested copy of entry to be filed with the recorder of such county, which shall be duly recorded in his office, and which shall be conclusive evidence of such annexation in all courts in this State        *        *        *        *        *        ."

By the authority of these sections, the common council of the city of Indianapolis petitioned to the board of commissioners of Marion county, to annex the following territory to said city, to wit:

" The north-east quarter of section thirteen (13), township fifteen (15), north, of range three (3), east, except the following tracts: thirty (30) acres off of the north end of the east half thereof, as subdivided by Beaty, administrator of Jacob Birkenmeyer; also, that part commencing at the south-west corner of said quarter section, thence east 30.90 chains, thence north 1.30 chains, thence west to the west line thereof, thence south 1.30 chains to the place of beginning: also, the tract described as follows, to wit, commencing 1.30 chains north of the south-west corner of said quarter section, thence east 15 chains, thence north seven hundred and four feet, thence west to the west line of said tract, thence south seven hundred and four feet to the place of beginning."

The petition sets forth that the land lies contiguous to the city of Indianapolis; that it has never been platted and laid off into lots; and that the owners will not consent, in writing, that the same may be annexed to said

city; that the vicinity adjacent to said territory is thickly populated, and is greatly in need of streets, sidewalks and alleys, which ought to be opened and constructed through and upon said territory; that the public convenience and health require that said lands should be under the jurisdiction of said city, in order that the same may be drained by sewers and ditches, and lighted with gas; that the vicinity in and around the territory being thickly populated, it is necessary that said city should have jurisdiction over the same, for the purpose of enforcing ordinances for the protection of the property and the persons of the citizens.

The petition was authorized by a resolution of the common council of the city of Indianapolis, by an affirmative vote of twenty-three councilmen out of twenty-four; negative, none; and was signed by the mayor and twenty-three councilmen. Public notice was given of its pendency. After the petition was filed and public notice given, the board of commissioners, over the objection of the appellants, who were remonstrants and admitted to defend against the proceedings, allowed the city to amend the petition by annexing thereto a plat of the lands described. The remonstrants then moved the board to dismiss the petition, for various reasons assigned, which will be examined in the course of this opinion. The motion was overruled, whereupon the remonstrants denied the matters set forth in the petition, and alleged various reasons why the annexation should not take place. The case was then submitted to the board, on the petition and answer and the evidence adduced by the parties; and the board granted the prayer of the petition. The remonstrants moved the board for a new trial, assigning several causes therefor, but their motion was overruled.

At this stage of the case the remonstrants brought the present action, setting out in their complaint the foregoing proceedings of the council and board, and alleging additional facts contravening the petition, and that the

lands sought to be annexed were only fit for gardening and farming purposes, and were so used; that the annexation will result in imposing additional burdens on the appellants by the city government, etc., praying for an injunction.

A temporary restraining order was granted.

Upon their appearance to the complaint, the appellees filed their demurrer, alleging as ground the want of facts to constitute a cause of action, which was sustained and exceptions reserved. The appellants elected to stand on their complaint, and the court found for the defendants. An appeal was taken to the superior court, in general term, wherein the judgment at special term was affirmed, and thence to this court.

The appellants, in their oral arguments and brief, make the following points:

1. That the statute under which the proceedings for annexation are had is against private right, and in derogation of the common law, and therefore should be strictly construed; that, conceding the constitutionality of the act, the proceedings can not be maintained, unless every requisite of the statute is followed.

We do not regard the statute as one against private right, nor in derogation of the common law. The mere act of annexation, and that is the only question before us, does not take away the property from the owner, nor affect his private right. It may bring it into another jurisdiction, and affect the civil relation of the owner towards the public, but, as between individual and individual, his rights will remain equal with others under the same circumstances. And the power to change the boundaries of counties, townships or municipalities is a common law principle as old as the time of William the Norman, or even Alfred the Great; but in America it is generally regulated by statute. We hold, however, that the statute should be closely construed, because it is a delegation of legislative power, but not impracticably

strict. It is not enacted for the private benefit of the corporations which may be called upon to exercise its power, but for the public good; it must therefore be so construed, within proper safeguards, as to reach the end and design of the legislative intention in enacting it.

2. The appellants insist, that the petition for the annexation is not sufficient, because it was not signed by the mayor and each member of the common council; that the city charter provides, that, " The mayor and common councilmen of said city shall constitute the common council."

Unless when otherwise provided, such a majority of the councilmen as can bind the whole will be held to be the common council. By the first clause of section 85, *supra,* when the limits of any city may be extended over any lands or contiguous territory, by the consent of the owner, it requires a two-thirds vote of the council; and, perhaps, in the latter clause of the same section, under which these proceedings are sought to be maintained, it might require the same number to sign the petition, but we need not, and therefore do not, decide these questions, because more than two-thirds of the councilmen in this case signed the petition; but it is very clear that the act nowhere requires the petition to be signed by the common council unanimously. We therefore think that the petition in that respect is sufficient.

3. It is contended, that, by section 85, the petition must contain " an accurate description by metes and bounds, accompanied with a plat of the lands or territory proposed or desired to be annexed to the city."

We think the description of the lands is sufficient. It corresponds with the congressional surveys, upon which more than half the land titles in the United States rest, subject to certain exceptions which are capable of being accurately ascertained. To hold that " metes and bounds " must necessarily mean a tracing of the boundary lines, would not make the description of the land any more cer-

tain, and would be so strict a construction of the statute, that it would render action under it embarrassing and quite impracticable.

4. The appellants urge still further objections to the petition, as follows : " Again, the statute requires that the petition shall be accompanied with a plat of the lands proposed to be annexed."

In this case the plat was not filed till after the petition was presented to the board, but the description of the land was contained in the petition. The statute does not strictly require that the plat should be filed at the same time with the petition, but that the petition shall be " accompanied with a plat of the lands or territory proposed or desired to be annexed to such city." We can not approve so strict a construction of these words as that contended for by the appellants. In our opinion the board of commissioners acted properly in allowing the city to file the plat after the petition had been presented. *Hedrick* v. *Hedrick, ante,* p. 78.

5. It is also insisted, that, "Another requirement of the statute was not complied with. The petition was not filed with the Auditor of Marion county, nor in his office, thirty days before the session of the board at which it was presented and the annexation made."

The statute says that the council shall give thirty days' notice, by publication in some newspaper of the city, of the intended petition, describing in such notice the territory intended to be annexed; but we do not find any thing in it requiring that the petition itself shall be filed in the Auditor's office with the notice. Indeed, the words "intended petition " would seem to indicate a contrary construction. The notice appears to us to be sufficient.

6th. The appellants further urge, that,

" There is another fatal defect in these proceedings. There has been no survey of the premises as a basis of the order of annexation. This, by section 86, is contemplated as an essential preliminary step. By this section,

it is provided that the order must be entered 'specifying the territory annexed, with the boundaries of the same, according to the survey.' Now, the importance of a survey is at once seen, when the record of final action must be made upon it. The object of this survey must be to test and verify the description and plat filed by the common council; to put the board of commissioners in full possession of the situation, boundaries and condition of the territory proposed to be annexed. When the propriety of annexation is found, then the limits must be fixed by a survey. Not till then can the final order be made. No survey was made or pretended, for on the very same day that the propriety of the annexation was determined, the whole matter was at once consummated."

The petition contains a descriptive survey, and the plat an actual survey. From these there would be no practical difficulty in ascertaining the exact locality of the grounds; and what can be made certain is certain. Whether the survey was made expressly for the purposes of this annexation, or was adopted from some established survey, does not appear; but it is practically a survey, within the fair meaning of the act.

7th. The appellants seem to place the authority to annex territory to a city upon the same ground as the power to take property by the right of eminent domain. The following is their argument:

"But, should the court hold that the proceedings have the effect to accomplish the annexation under ordinary circumstances, we take the position, that where, as in this instance, it appears that the land is farming and gardening lands, only, used for such purposes, and fit for nothing else at present; where the land is not laid off into lots, and where there is no necessity for their use, as a part of the city, for any purpose whatever, either for convenience, health, peace or the public welfare, and when the sole purpose of annexation is to subject the land to taxation; such an act is a violation of the constitution—is the taking

of private property for public use, without compensation. It is an arbitrary, unjust, oppressive and wanton exercise of power, to which the citizen should not submit, and which the courts should peremptorily enjoin.    It is a despotic exercise of power, no less odious because performed by a board of commissioners instead of an individual.   *   *   *   The right to property is a vested one. The power to tax it belongs alone to the legislative arm of the Government.    This power, while it is, when properly exercised, to be unreluctantly obeyed, yet, operating as it does upon this vested right, it should be watched with jealous care, and, if illegal, mere submission on the part of the citizen  to this one arm of the tremendous power of eminent domain  should not, except in extreme cases, be construed into a recognition of the right to the extent of estopping him from subsequently denying it."

We do not perceive any analogy between the two powers.   By the right of eminent domain, the State takes specific property, from the owner, for a public and specific purpose.    It affects no other property than that taken, no other individual but the owner, and can have but the one purpose.    In the case before us no property is taken from the owner, by annexation, no private right of the owner is affected; the act simply changes the property and its owner, in their civil relation to certain public authority. This power the State has the right to exercise, directly or indirectly, within constitutional limits, at any time.

8th.    The appellants combat the power of the city to tax lands of the character in controversy, after the annexation has been accomplished.

There is no such a question before us.    True, the complaint avers, that  to derive revenue by taxation from the territory to be annexed, is one of the purposes the city has in view; but no tax has been levied.   Should the city levy an illegal tax on the property, the law, we doubt not, will protect the rights of the owner.   Or, if the city should desire to open streets and alleys through the territory an-

nexed, it will, doubtless, have to do it according to law. The owner and his rights will be protected in the same manner as all other owners and property, who stand in the same relation to civil authority, are protected. Relief by injunction can be granted only when the injury apprehended is impending and immediate. It will not be granted to restrain the collection of taxes before they are assessed.

9th. The constitutionality of the act under which the territory in this case is sought to be annexed is rather mentioned than debated. Boards of commissioners have been long since authorized by the legislature to form new counties, change the boundaries of old ones, and reconstruct township lines, and their constitutional power to do so has never, we believe, been seriously questioned. We do not see any distinction in principle between such power and the power delegated by the legislature to a board of commissioners, on petition of a common council of a city, to annex territory to the municipality. Besides, statutes authorizing the annexation of territory to towns, similar to that now under consideration, have been in force, and proceedings under them upheld by this court, in many instances heretofore. *Green* v. *Cheek,* 5 Ind. 105; *The Mayor, etc., of Jeffersonville* v. *Weems,* 5 Ind. 547; *The City of Aurora* v. *West,* 9 Ind. 74; *Allen* v. *Hostetter,* 16 Ind. 15; *Woodfill* v. *The Town of Greensburgh,* 18 Ind. 203; *Edmunds* v. *Gookins,* 20 Ind. 477; *The City of Evansville* v. *Page,* 23 Ind. 525; *Edmunds* v. *Gookins,* 24 Ind. 169; *Longworth's Ex'rs* v. *The Common Council of the City of Evansville,* 32 Ind. 322; *Trustees of the Town of Princeton* v. *Manck,* 35 Ind. 51; *Church* v. *The Town of Knightstown,* 35 Ind. 177; *City of Indianapolis* v. *Sturm,* 39 Ind. 159.

We have thus examined the case, and considered the argument of counsel, but find no error in the record.

The judgment is affirmed, with costs.