Powell *et al. v.* City of Greensburg.

POWELL ET AL. *v.* CITY OF GREENSBURG.

[No. 18,417. Filed March 29, 1898.]

MUNICIPAL CORPORATIONS.—*Proceedings to Open and Extend Street.* —*Jurisdiction.*—*Appeal to Circuit Court.*—*Statute Construed.*—By proceedings, under section 3631, Burns' R. S. 1894, a city ordered the opening and extension of a certain street. An appeal to the circuit court was taken by property owners in accordance with the provisions of section 3643, Burns' R. S. 1894; and the property owners desiring to question the jurisdiction of the common council and the city commissioners to open the street, demurred to the complaint "on the ground that the court had no jurisdiction." *Held,* that, as the want of jurisdiction was not apparent on the face of the complaint (the transcript), the demurrer was properly overruled. *pp. 149, 150.*

SAME.—*Annexation of Contiguous Territory.*—*Notice of Petition.*— A notice of the petition of a common council to annex contiguous territory, under section 3659, Burns' R. S. 1894, need not give the names of the owners of the land in addition to the description thereof, and where incorrect names of the landowners are included in the notice, they will be rejected as surplusage without impairing the sufficiency or validity of the notice. *pp. 152, 153.*

MUNICIPAL CORPORATIONS.—*Condemnation of Railroad Right of Way for Street.*—Land used by a railroad company for the use of its road may be appropriated by a city for street purposes. *p. 154.*

SAME.—*Proceedings to Open and Extend Street.—Appeal to Circuit Court.—Defense.*—On appeal to circuit court from an order of the common council of a city to open and extend a street, an objection that the city commissioners omitted to include and assess in their report property belonging to persons other than appellants will not be considered. *p. 154.*

From the Decatur Circuit Court.   *Affirmed.*

*B. F. Bennett, T. E. Davidson, Cortez Ewing* and *Davison Wilson,* for appellants.

*David A. Myers,* for appellee.

JORDAN, J.—This was a proceeding by the common council of the city of Greensburg to open and extend Wilder street, under the provisions of sections 3631, Burns' R. S. 1894 (3168, R. S. 1881).

Appellants appealed to the circuit court, under section 3643, Burns' R. S. 1894 (3180, R. S. 1881), in which court they demurred to the complaint on the ground that the court had not jurisdiction to try the cause. This demurrer was overruled, and this ruling is assigned as error.

By section 3643 (3180), *supra,* appellants in the lower court were required to specifically state in writing their objections, if any, to the proceedings of the common council and commissioners. It is therein provided that no other questions shall be tried or heard, except such as are with a certainty to a common intent presented by the appellant in his written statement. It was the purpose, no doubt, of appellants by this demurrer to question the jurisdiction of the common council and city commissioners in the proceedings to open the street in controversy, consequently, if the want of jurisdiction was apparent on the face of the transcript, they should, in their demurrer, have stated specifically wherein it existed; and if such

questions depended upon facts not apparent upon the record of the proceedings filed in the lower court, such facts should have been specifically set up by way of answer. The demurrer did not sufficiently point out the grounds of objection within the requirements of the statute, and was therefore properly overruled. *Hays* v. *City of Vincennes*, 82 Ind. 178.

Appellants filed an answer which apparently proceeds upon the theory that their lands, which the appellee sought by this proceeding to appropriate for a public street, were not within the city limits, and therefore not subject to the jurisdiction of appellee. The answer, after describing the real estate to be appropriated for the street in dispute, avers "that none of said real estate in this answer described was ever taken into the corporate limits of said city, for that on January 2, 1896, said city petitioned the board of commissioners of said county to annex certain lands contiguous to the corporate limits of the city, including the land herein described, setting forth in said petition that the territory sought to be annexed was that owned by one Tilford Dickerson." The answer then alleges that the land was not owned by said Dickerson at the time of said annexation proceedings, but was owned by the appellant, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and by Henry Doles, and that thereafter the part owned by Doles was by him conveyed to appellants Israel D. and Samantha Jewett. It is then further averred that on January 4, 1896, a notice of said petition to annex said territory was given by the common council of the city of Greensburg, thirty days before the beginning of the March term, 1896, of the board of commissioners of the county, by publication in the "Greensburg Review," a public newspaper of general circulation, published and printed in said county.

That this was the only notice given, and that it contained a description of the lands sought to be annexed "including the lands herein described." That in this notice the land therein described was designated as being owned by one Tilford Dickerson. That at said March term of said commissioners court such proceedings were had that the prayer of the petition was granted, and the lands were declared to be annexed to the city, and the limits thereof were ordered extended so as to include the lands described and set forth in the notice. It is further alleged in the answer that the map and plat of the territory to be annexed by said proceeding described the land as belonging to Tilford Dickerson, and that the names of the owners of the land described in the petition and notice were not set forth therein; and it is then averred, as a conclusion, that the appellants in fact never had any notice of the proceedings of said annexation. The answer also sets up that part of the real estate involved herein belongs to the right of way of the appellant, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and that certain other real estate abutting on said proposed street and belonging to persons other than appellants, was omitted by the said commissioners in their report, and that no assessment was made thereon, either of benefits or damages. The answer demands judgment for costs in favor of all the appellants. A demurrer was sustained to this answer for insufficiency of facts, and this ruling is also assigned as error.

Counsel for the apppellants insist that the answer was sufficient, (1) For the reason that it discloses that the appellee has no jurisdiction over the real estate to be appropriated for the use of the streets; (2) For the reason that it shows that part of the real estate is embraced in the right of way used by

the railway company; (3) Because the answer alleged that certain other pieces of real estate abutting on the proposed extension of Wilder street were omitted from the report of the commissioners and not assessed.

Appellants, by this answer, in part, make a collateral attack on the order of the board of commissioners annexing to the city the real estate in controversy in the proceedings in this case. The infirmity which the pleading attributes to the notice given of the proposed annexation of this territory, is, that it stated that the land described therein belonged to Tilford Dickerson, when in fact no part thereof was owned by him, but the same was owned and held in part by the railway company, and in part by one Henry Doles, from whom appellants Jewett and Jewett subsequently acquired their title. There is no contention that the real estate herein involved, and which was ordered to be annexed in the proceedings before the board of commissioners, was not accurately described in the petition, and also in the notice given that such proceedings were to be instituted by the city to annex said territory and thereby extend its jurisdiction over the same. In fact, the answer avers that the notice in question contained a description of land sought to be annexed, including the lands described in the answer, and which are affected by the opening or extension of the street in question.

The statute which authorizes the common council of a city to petition the board of commissioners to annex to the city unplatted contiguous territory, to the annexation of which the owner thereof will not consent, requires such council to give "thirty days' notice, by publication in some newspaper of the city, of the intended petition, describing in said notice the territory sought to be annexed." Section 3659, Burns' R. S. 1894 (3196, R. S. 1881).

The law did not require that the notice should give the names of the owners of the land in addition to the description thereof, and the fact that such notice, through mistake or inadvertence, or otherwise, states that a certain person therein named is the owner of the land or territory sought to be annexed, will not vitiate or invalidate it, nor render it deficient or illegal. The notice in question, as disclosed by the averments of the answer, and also by a copy thereof, which appellants file as an exhibit in aid of their pleading, described the territory intended to be annexed by metes and bounds, and an examination thereof would certainly have afforded appellants information, and advised them that their lands were included in the territory which the city was seeking to annex, notwithstanding the fact that the notice erroneously stated that the same was owned by Dickerson. As the statute did not require the name of any landowner to be stated in the notice, the name of the latter, whether he was the owner of the land or not, could be rejected as surplusage without impairing the sufficiency or validity of the notice. *Woodfill* v. *Town of Greensburgh*, 18 Ind. 203; *Stilz* v. *City of Indianapolis*, 55 Ind. 515; *Catterlin* v. *City of Frankfort*, 87 Ind. 45.

It is, however, in this case, sufficient answer to the insistence of appellants in regard to the question herein raised relative to said notice, to say that it appears that the annexation proceedings were in a matter over which the board of commissioners was invested under the law with original and exclusive jurisdiction, and that a notice in regard to the proceeding to annex the territory, provided by the statute, was given thirty days previous to the March session, 1896, of the board of commissioners, at which session the order annexing the territory was made, and that said board apparently adjudged said notice

sufficient by granting the prayer of the petition, and that its sufficiency is now for the first time called in question by this collateral attack upon the order or judgment of the board in said annexation proceedings.

Upon any view of the case, under the circumstances, as against such an assault, the notice must be held sufficient; and if it can be said to be open to the irregularities or objections charged against it by counsel for appellants, these could have been available only by being interposed in the proceedings to annex the said territory. *City of Terre Haute* v. *Beach*, 96 Ind. 143, and cases there cited; *Huff* v. *City of Lafayette*, 108 Ind. 14, and cases there cited; *Caskey* v. *City of Greensburgh*, 78 Ind. 233.

Appellants' second proposition or claim, to the effect that land used by the railroad company for the use of its road cannot be appropriated by the city for street purposes, is decided adversely to their contention in the case of *City of Terre Haute* v. *Evansville, etc., R. R. Co.*, 149 Ind. 174.

In answer to the third proposition, in regard to the commissioners omitting to include and assess in their report property belonging to persons other than appellants, it may be said that these are matters which do not affect the latter, and of which, under the provisions of section 3643, they cannot be heard to complain.

There is no error in the record and the judgment is therefore affirmed.