**ENDRES, Ben, Appellant,**

v.

**INDIANA STATE POLICE, Appellee.**

**No. 50S05–0406–CV–245.**

Supreme Court of Indiana.

June 2, 2004.

David C. Kolbe, Warsaw, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General of Indiana, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

PER CURIAM.

Indiana State Trooper Ben Endres ("Endres") refused to accept an assignment as a gaming agent at a riverboat casino, asserting that the assignment would conflict with his religious convictions. The Indiana State Police ("State Police") then terminated his employment, and the Indiana State Police Board ("Police Board") upheld the termination.

Endres filed a civil action in federal district court against the State Police, asserting, among other things, that his termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* This case reached the United States Circuit Court for the Seventh Circuit, which determined, among other things, that Endres failed to state a claim under Title VII. *See Endres v. Indiana State Police,* 334 F.3d 618 (7th Cir.2003), *reh'g denied with opinion,* 349 F.3d 922 (7th Cir.2003), *cert. denied.*

Meanwhile, Endres also sought judicial review of the Police Board's decision in the Marshall Superior Court, which upheld Endres's termination. Endres appealed, and the Indiana Court of Appeals affirmed. *See Endres v. Indiana State Police,* 794 N.E.2d 1089 (Ind.Ct.App.2003). In doing so, the Court of Appeals first concluded that the disposition of his federal action precluded Endres from relitigating his Title VII claim in this state court action. *See id.* at 1093–94. The Court of Appeals also concluded that his employment termination did not violate his State constitutional right to religious freedom. *See id.* at 1094–97. Endres has petitioned this Court to grant transfer of jurisdiction from the Court of Appeals to the Supreme Court. Ind. Appellate Rule 57. We now grant transfer and assume jurisdiction over this appeal. Ind. Appellate Rule 58(A).

■ With regard to the Title VII claim, we agree with the Court of Appeals that parties are collaterally estopped from raising issues in state court that have been finally determined as to the same parties in previous federal actions. *See Endres,* 794 N.E.2d at 1094, *citing City of Anderson v. Davis,* 743 N.E.2d 359, 365–66 (Ind.Ct.App.2001), *trans. denied,* and *Mendenhall v. City of Indianapolis,* 717 N.E.2d 1218, 1225 (Ind.Ct.App.1999), *trans. denied.* We summarily affirm the Court of Appeals on this issue.

■ With regard to his State constitutional claim, we note, as did the Court of Appeals, that the appendix submitted by Endres is incomplete and that there is nothing in the materials submitted by either party to indicate that Endres offered any legal argument in support of his State constitutional claim until he filed his motion to correct error in the trial court. *See Endres,* 794 N.E.2d at 1091 n. 1 and 1094. The Court of Appeals took the position

that, as a matter of "notice pleading," Endres's assertion in his initial complaint that his discharge constituted "a violation of the United States Constitution and Indiana Constitution each guaranteeing religious freedom and the free exercise thereof" was sufficient for Endres to preserve the constitutional issue for review on appeal.

We find that the mere listing of a contention in a party's complaint, with no further attempt to press the contention in the trial court, is insufficient effort to preserve the matter for appellate review. At a minimum, a party must show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal. The policy reasons behind this requirement—preservation of judicial resources, opportunity for full development of the record, utilization of trial court fact-finding expertise, and assurance of a claim being tested by the adversary process—apply with particular force where, as here, the claim is a constitutional one. *See generally Chidester v. City of Hobart,* 631 N.E.2d 908, 913 (Ind. 1994) (mere "mention" rather than "debate" of constitutional issues insufficient to preserve the issues for appellate review, *quoting Stilz v. Indianapolis,* 55 Ind. 515, 524 (1877)). We therefore decline to address this issue because the record and arguments have not been sufficiently developed for us to decide this important issue of Indiana constitutional law. *See Troxel v. Troxel,* 737 N.E.2d 745, 752 (Ind. 2000).

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.