**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 04 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KARA A. HANCUFF**
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**ANNA M. SEBREE**
DCS, Monroe County Office
Bloomington, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF MINOR CHILDREN ALLEGED TO BE IN NEED OF SERVICES, T.G., A.G., and D.G., Minor Children, | ) ) ) ) | |
| L.E, Mother, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 53A01-1203-JC-130 |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Stephen R. Galvin, Judge
Cause Nos. 53C07-1112-JC-856, 53C07-1112-JC-857, 53C07-1112-JC-858

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

L.E. (Mother) asserts the trial court erred when it did not hold a detention hearing within forty-eight hours of A.G. and D.G.'s removal from Mother's care. In addition, Mother appeals the placement of A.G. and D.G., (hereinafter "the Children")[1] outside Mother's home and the requirement she complete substance abuse assessment and treatment as part of the parental participation plan that resulted from the court's finding the Children were Children in Need of Services (CHINS). We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother has three children: T.G., born September 3, 1999; A.G., born September 25, 2005; and D.G., born June 2, 2009. On November 23, 2011, the Department of Child Services (DCS) received a report A.G. and D.G. were in a vehicle driven by R.G. (Father) when Father was arrested for manufacturing methamphetamine and neglecting a dependent. After a detention hearing on December 1, DCS placed A.G. and D.G. with Mother.

Sometime thereafter, Mother was arrested for Possession of a Controlled Substance. As a result, following a petition by DCS, the court placed A.G. and D.G. with their maternal grandmother on January 23, 2011. On February 6, the juvenile court held a fact-finding hearing. On March 8, the juvenile court entered a dispositional order that adjudicated the Children as CHINS, placed A.G. and D.G. with their maternal grandmother, and ordered Mother to complete a number of services, including substance abuse assessment and treatment.

---

[1] Prior to these proceedings, Mother's other child, T.G., was placed in Gibault School for Boys. Mother does not appeal T.G.'s placement or the determination in these proceedings that he is a CHINS.

**DISCUSSION AND DECISION**

1.      Detention Hearing

Pursuant to Ind. Code § 31-34-5-1:

(a)  If a child taken into custody under IC 31-34-2 [governing CHINS] is not released, a detention hearing shall be held not later than forty-eight (48) hours, excluding Saturdays, Sundays, and any day on which a legal holiday is observed for state employees as provided under IC 1-1-9, after the child is taken into custody.  If the detention hearing is not held, the child shall be released.

Mother argues the juvenile court was required to, and did not, hold a detention hearing within forty-eight hours of January 23, 2012, when the Children were removed from Mother and placed in their maternal grandmother's home.

The juvenile court held a fact-finding hearing approximately two weeks after the children were placed with maternal grandmother.  At that hearing, Mother did not raise any issues regarding placement of the Children with the maternal grandmother or the alleged violation of Ind. Code § 31-34-5-1.  "In order to properly preserve an issue on appeal, a party must, at a minimum, 'show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'"  *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) (quoting *Endres v. Ind. State Police*, 809 N.E.2d 320, 322 (Ind. 2004).  As Mother did not raise the issue of the court's compliance with Ind. Code § 31-34-5-1 when afforded the opportunity, she has waived that allegation of error.

2.      Findings Regarding Placement and Substance Abuse Treatment

When a juvenile court has entered findings of fact and conclusions of law, we will not

3

set aside a judgment unless it is clearly erroneous. *In re J.Q.*, 836 N.E.2d 961, 966 (Ind. Ct. App. 2005), *reh'g denied*. A juvenile court's findings of fact and conclusions of law are considered clearly erroneous only if our review of the entire record leads us to a definite and firm conviction that a mistake has been made. *Id.* In reviewing the juvenile court's findings of fact, we do not reweigh the evidence or judge the credibility of witnesses. *Id.* Instead, we consider only the evidence and reasonable inferences drawn therefrom that support the judgment. *Id.*

      a.    <u>Placement</u>

Regarding the placement of the Children, the trial court found:

> The children must have a safe and stable home free from the use of controlled substances.
>
> * * *
>
> [I]t is the best interests of the children to be removed from the home environment and remaining in the home would be contrary to the welfare of the child because: of the allegations admitted or proven of an inability to provide shelter, care and/or supervision at the present time [and] the children needs [sic] protection. . . . The Court finds that reasonable efforts to prevent or eliminate removal of the child were not required due to the emergency nature of the situation as follows: Due to the immediate danger presented to the health and safety of the children, the Department of Child Services could not offer services prior to removal.

(App. at 55-7.)

Mother argues DCS did not prove an immediate safety risk to A.G. and D.G., and thus placement with Mother was more appropriate. During the factfinding hearing, DCS presented evidence Father was incarcerated for drug-related offenses, Mother had been arrested for a drug-related offense, and the family had twice been the subject of CHINS

4

investigations based on allegations of educational neglect. Mother's argument is an invitation for us to reweigh the evidence, which we cannot do. *See In re J.Q.*, 836 N.E.2d at 966 (appellate court will not reweigh evidence or judge credibility of witnesses).

> b. Substance Abuse Assessment and Treatment

Ind. Code § 31-34-20-3 provides:

> If the juvenile court determines that a parent, guardian, or custodian should participate in a program of care, treatment, or rehabilitation for the child, the court may order the parent, guardian, or custodian to do the following:
> (1) Obtain assistance in fulfilling the obligations as a parent, guardian, or custodian.
> (2) Provide specified care, treatment, or supervision for the child.
> (3) Work with a person providing care, treatment, rehabilitation for the child.
> (4) Participate in a program operated by or through the department of correction.

The trial court ordered Mother to submit to "random drug/alcohol screens within 4 hours of the request" and "substance abuse assessment." (App. at 51.) Mother argues there was "no admission or finding that Mother has substance abuse issues." (Br. of Appellant at 8.) However, during the fact-finding hearing, Mother admitted she had been arrested for "Possession of Controlled Substances." (Tr. at 41.) Mother's argument to the contrary is an invitation for us to reweigh the evidence, which we cannot do. *See In re J.Q.*, 836 N.E.2d at 966 (appellate court will not reweigh evidence or judge credibility of witnesses).

**CONCLUSION**

Mother has waived her allegation of error regarding a detention hearing, as she did not present the issue below. Additionally, her arguments regarding A.G. and D.G.'s placement

5

and the juvenile court's order that she undergo assessment and treatment for substance abuse are invitations to reweigh the evidence, which we may not do. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.