**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**VICTOR FOINTNO**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTOR FOINTNO, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  52A05-1303-SC-126 |
| | ) | |
| CLAIR BARNES, et al., | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable J. David Grund, Judge
Cause No. 52D01-1206-SC-425

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Victor Fointno ("Fointno"), an inmate at the Miami Correctional Facility proceeding pro se in this matter, filed a small claims action against Indiana Department of Correction ("DOC") Officer Earnest Parkin[1] ("Officer Parkin") and other DOC employees ("the Defendants"), each in their personal rather than official capacities. In his suit, Fointno claimed that his television was broken as a result of tortious conduct engaged in by one or more of the Defendants. The trial court set the matter for trial by affidavit because of Fointno's status as a DOC inmate.

Fointno submitted affidavits to the trial court and filed a motion for summary judgment; the Defendants filed a motion to dismiss Fointno's claims. In a single order, the trial court denied Fointno's motion for summary judgment, found that Fointno failed to meet his burden of proof, found that all of the Defendants were immune from liability under the Indiana Tort Claims Act ("the Act"), see Ind. Code § 34-13-3-1 et seq., and entered judgment for the Defendants.

Fointno now appeals. We affirm.

**Issue**

Though Fointno raises numerous issues for our review, we find one matter dispositive: whether the trial court erred when it concluded that Fointno had not adduced sufficient

---

[1] In his notice of claim, Fointno identified Officer Parkin as "Perkins," and the trial court retained the erroneous spelling in its case caption.

evidence to prove his claim, and therefore entered judgment in favor of the Defendants.[2]

## Facts and Procedural History

On May 14, 2011, Fointno had been transferred from a cell house at the Miami Correctional Facility to a segregation unit. Among Fointno's belongings that were transferred with him was a television set.

On June 13, 2012, Fointno, proceeding pro se, alleged in his Notice of Claim that when he left the cell house for segregation, his television was working properly, but that the television set was broken when it was returned to him in segregation. Fointno further alleged, "I believe [Officer Parkin] had drop [sic] my TV." (Appellees' App. at 1.) As relief, Fointno sought $500 in damages plus 10% interest per annum and $600 in court costs. Fointno served the Notice of Claim and accompanying summonses on Officer Parkin and numerous other individuals employed by DOC. Though Fointno's Notice of Claim was served upon numerous other individuals, Fointno did not allege facts concerning the conduct of anyone other than Officer Parkin.

On June 14, 2012, the trial court ordered that evidence in the case be submitted by affidavit, with a trial date set for October 14, 2012. The order required that Fointno have submitted his evidence with all supporting exhibits by the trial date and afforded the Defendants 20 days after that to file their evidence and exhibits, Fointno an additional 10 days after the Defendants' submissions in which to submit evidence and exhibits in rebuttal,

---

[2] To the extent Fointno raises constitutional issues, we observe that he provided neither evidence nor argument to the trial court concerning these matters, and he has thus waived our review of those issues. See Endres v. Ind. State Police, 809 N.E.2d 320, 321 (Ind. 2004) (concluding that a constitutional claim was waived where there were no materials submitted to indicate any argument before the trial court until a motion to correct error).

and an additional 10 days for the Defendants to submit any surrebuttal. The trial court further ordered that it would render a ruling after all evidence was submitted and subject to review.

On July 24, 2012, Fointno filed an "affidavit of fact" with the trial court, which opposed any representation of the Defendants by the Indiana Attorney General.

On August 2, 2012, a Deputy Attorney General filed her appearance in the case on behalf of the Defendants. On August 9, 2012, the Defendants filed a response to Fointno's affidavit. On August 16, 2012, the trial court entered an order denying Fointno's request that the Indiana Attorney General be precluded from representing the Defendants.

On September 5, 2012, Fointno filed a responsive affidavit and motion opposing the Defendant's response to his initial "affidavit of fact." On September 13, 2012, the Defendants filed a response to Fointno's responsive affidavit. On September 21, 2012, the trial court again denied Fointno's request that the Indiana Attorney General be precluded from representing the Defendants.

On October 22, 2012, Fointno filed a motion for summary judgment, seeking judgment against the Defendants as a matter of law without submitting additional evidentiary matter in support of the motion. On October 23, 2012, the Defendants filed a motion to dismiss with a supporting memorandum of law.

On February 21, 2013, the trial court denied Fointno's motion for summary judgment and entered judgment in favor of the Defendants, finding that Fointno had failed to meet his burden of proof in the matter and that the Defendants were immune from suit under the

Indiana Tort Claims Act.

This appeal ensued.

**Discussion and Decision**

Though Fointno raises numerous issues, we address one issue here: whether the trial court erred when it entered judgment in favor of the Defendants.[3] Where an appellant challenges the entry of judgment after a small claims bench trial, we generally will not set aside the judgment unless it is clearly erroneous. Ind. Small Claims Rule 11(A) (providing for "review as prescribed by relevant Indiana rules and statutes"); Ind. Trial Rule 52(A) (providing that on appeal, a judgment shall not be set aside where "tried by the court without a jury … unless clearly erroneous"). However, where the trial court's judgment "turns solely on documentary evidence," we will review the judgment "de novo," as we do with summary judgment and other cases involving paper records. Eagle Aircraft, Inc. v. Trojnar, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013) (emphasis in original) (quoting Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006)) (internal quotes omitted).

Here, the trial court found that Fointno failed to adduce evidence sufficient to demonstrate by a preponderance of the evidence his entitlement to relief under the Indiana Tort Claims Act. Among the Act's provisions is a requirement that a plaintiff bring suit either against a government employee personally or against the government body itself. I.C. §§ 34-13-3-5(a) – (c). Where a plaintiff pursues a tort claim against state employees

---

[3] The Defendants address Fointno's claims by arguing in their brief before this Court that the trial court granted their motion to dismiss. The trial court's order entering judgment for the Defendants does not purport to dismiss Fointno's claims, and was issued in conformance with the scheduled trial of the case. We therefore treat Fointno's appeal as one from the entry of judgment on the merits, rather than as an order dismissing his notice of claim.

5

personally, rather than under a theory of respondeat superior, the lawsuit "must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." I.C. § 34-13-3-5(c). "Although the statute formulates this as a pleading requirement, it also amounts to a legislative establishment of substantive elements of a claim." Niksich v. Cotton, 810 N.E.2d 1003, 1006 (Ind. 2004). Thus, not only was Fointno required to properly plead his claim against the Defendants in their personal capacities, but to succeed at trial he needed to establish by a preponderance of the evidence at least one of the five factors in Subsection 34-13-3-5(c).

Our review of the record does not reveal that the trial court erred when it concluded that Fointno failed to adduce evidence sufficient to prove by a preponderance of the evidence that any of the Defendants damaged Fointno's television set in a manner that was criminal, outside the scope of any of the Defendants' employment, malicious, willful and wanton, or calculated to benefit any of the Defendants personally. Fointno's notice of claim states only that the television set worked before it was moved and later did not, which Fointno believed was the result of the device being dropped. None of Fointno's subsequent filings before the trial court make any factual representations concerning the events of May 14, 2011. Fointno's two "Affidavit(s) of Fact" make it clear that his suit sought to hold each of the individual Defendants personally liable. The affidavits further present arguments that seek to preclude representation of the Defendants by the Indiana Attorney General, and his motion for summary judgment was filed without any accompanying affidavit or other designated

6

evidentiary matter.

Simply put, Fointno produced no probative evidence of any kind—let alone evidence sufficient to demonstrate that any of the various Defendants engaged in any action that would amount to conduct rendering any of them personally liable under Subsection 34-13-3-5(c) of the Act for damage to the television set. We therefore affirm the trial court's entry of judgment against Fointno and in favor of the Defendants.

Affirmed.

NAJAM, J., and BARNES, J., concur.