Elston *et al. v.* The Board of Trustees of Crawfordsville.

Statutes Construed—Towns.—Section 51, 1 G. & H., p. 630, is not void for uncertainty, or inconsistency with other provisions of the law, but confers power on the Board of Commissioners, on petition of the trustees of any town, to order the annexation to the

Elston et al. *v.* The Board of Trustees of Crawfordsville.

town, of any adjacent territory not embraced in the provisions of section 50 of the same act.

TOWNS—ANNEXATION.—The reasons for the proposed annexation of territory to a town should be stated in the application therefor, and the map or plat accompanying the same should be verified, but the application need not be. As to what reasons are sufficient, the reader is referred to the opinion herein at length.

PARTIES.—If the application in such case correctly describes the territory to be annexed, and designates the owners of a part of it as the heirs of *A B*, and the alleged property of such heirs is properly described in the notice of such application, the fact that such heirs are not individually named will not vitiate the proceedings.

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—This was a proceeding by petition, instituted by the Board of Trustees of the town of *Crawfordsville*, before the Board of Commissioners of *Montgomery* county, for the annexation to said town, of certain territory contiguous thereto, and not platted or laid off or recorded. The petition describes the territory sought to be annexed, is accompanied by a plat which also describes it, and which is verified by affidavit, and designates the person or persons to whom each piece of ground included within the boundaries of said territory belongs. And further, the petition sets forth the reasons why such annexation is desired, which are in substance, as follows:

1. The limits of the town as they now exist, are such as to give great inconvenience to the citizens and officers of the town, and also make the burthen of taxation very unequal.

2. The present boundaries, including the platted lots, divide the town into separate divisions, leaving property between the divisions thus formed, and in thickly populated parts of the town entirely without said boundaries, causing some of the streets to lie partly within and partly without said town.

VOL. XX.—18

3. There are at this time about 60 corners to the boundary of the town, whereas, should the boundaries now prayed for, be established, the limits of the corporation would then be a rectangular parallellogram, and this parallellogram would be formed by including the extremes of the present corporation on the east and west, and on the north and south, making it more convenient for the citizens, and far easier for the officers of the corporation to perform their respective duties.

4. Many persons outside of the present corporation, and within the boundaries prayed for, have attached themselves thereto, for school purposes, and it is but justice that they should assist, by means of their taxes, in supporting said schools.

5. The corporation is in need of the increased revenue which would result from the taxes levied upon the territory sought to be annexed, for the following purposes, viz: 1. To provide more suitable and adequate means for the prevention of fires. 2. For the erection, and keeping in repair of a suitable house, for the convenience and advantage of the citizens of the town, and also of the venders of market produce. 3. For the purpose of purchasing, laying out, and regulating, a suitable and convenient town cemetery.

Notice of the petition appears to have been duly published in a newspaper, printed in said town, and a copy of the notice thus published appears to have been served on each of the owners of the respective pieces of ground, embraced in the territory proposed to be annexed. The record shows that the commissioners, upon final hearing, &c., ordered that such annexation be made, and that from their decision there was an appeal. In the Circuit Court, to which the appeal was taken, *Isaac Elston, John Fisher,* and *Ambrose Whitlock,* the owners of a part of the territory, appeared and moved to dismiss the cause upon two grounds. 1. The petition does not show sufficient reasons for annexing contiguous territory.

2. The proper parties have not been brought before the Court. This motion the Court overruled, and thereupon, they answered the petition. The issues were then submitted to the Court, who found for the plaintiffs, and, having refused a new trial, rendered judgment, &c. *Elston, Fisher,* and *Whitlock,* appeal to this Court.

The statute, relative to the incorporation of towns, &c., contains these provisions: Sec. 50. "Whenever there shall be lots laid off and platted, adjoining such town, and a record of the same is made in the recorder's office of the proper county, the Trustees may, by a resolution of their Board, extend the boundary of such town, so as to include such lots, &c." Sec. 51. "When any town shall desire to annex contiguous territory thereto, not platted or recorded, the Trustees shall present to the Board of County Commissioners a petition setting forth the reasons for such annexation, and shall accompany the same with a map or plat, accurately describing by metes and bounds the territory proposed to be attached, which shall be verified by affidavit, such Trustees shall give 30 days notice, by publication in a newspaper printed in such town, &c.; a copy of such notice shall be served on the owner or owners of such territory, if known, and are residents of the county." 1 R. S., p. 491.

This proceeding is based on section 51, just recited, but the appellants insist that that section is vague, indefinite, and confers no right to proceed under it. We think otherwise. By section 50, the Trustees are empowered to annex, by resolution, territory adjoining the town, which has been laid off into lots and platted, and a plat thereof recorded. And by section 51, the Legislature plainly intended to confer power upon the Board of Commissioners, on petition of the Trustees, to order the annexation to a town, of any adjacent territory not embraced in section 50; in other words, all such contiguous territory as was not included in a recorded plat.

This construction seems to be correct, and being so the alleged vagueness of the section is not perceivable. *The Mayor, &c.* v. *Weems*, 5 Ind. 547.

Another objection to the proceedings is, that the petition does not show sufficient reasons for annexing the territory. The statute requires the reasons for the annexation to be set forth in the petition. Without them it would be defective. In this case, it seems to us, they are sufficient. There is evidently enough of them, and in our opinion, they very plainly show that the annexation sought, was necessary for the accommodation of the growth and business of the town. Again it is said that the petition should be, but is not verified by affidavit. There is nothing in this objection. The statute requires the map or plat, accompanying it, to be so verified; but not the petition itself. There is still another ground upon which the appellants rely for a reversal. They contend the parties directly interested have not been properly brought before the Court. This we think, is a mistake. The petition describes the territory sought to be annexed, designates the person or persons to whom each piece of ground, included within the boundaries of said territory, belongs, and the record shows affirmatively that the publication required by the statute was duly made, and that a copy of the published notice was served on each of the owners of said pieces of ground. The requirements of the statute, as to the mode of bringing the parties before the Court, appear to have been, at least, substantially pursued. If true, as stated in the appellants' brief, that the owners of one of the pieces of ground, described as part of the territory, are designated in the notice of the application "the heirs of *Anthony Hamilton*," without giving their individual names. But the ground of which they were owners was described in the notice, and that being the case, it was not essential that each heir should be named.

*Woodfill* v. *The Town of Greensburgh,* 18 Ind. 202. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*Willson & Wallace,* for the appellants.

*J. W. Butler* and *R. C. Gregory,* for the appellee.