Catterlin *et al. v.* The City of Frankfort.

No. 9822.

CATTERLIN ET AL. *v.* THE CITY OF FRANKFORT.

COUNTY COMMISSIONERS.— *Quorum.*—Two members of a board of county commissioners are a quorum with power to act, under the provisions of section 5731, R. S. 1881.

CITIES.—*Annexation of Territory.— Notice.—Statute Construed.*—Notice of a petition to the county board for the annexation of unplatted territory to a city, under section 3196, R. S. 1881, is sufficient if given thirty days, excluding the first day and counting the last one, and the signature of the city clerk, attested by the city attorney, is a sufficient signing, where it is also shown that the common council directed the notice to be given.

SAME.— *Boundary in Petition and Notice.— Description.— Variance.*—Such notice gave a line of the territory to be annexed, from a certain point on a certain road, "with said road north 24½° west, 1295 feet to," etc.; the petition described the line in the same words save the course, which it gave as "north 24¼° west."

*Held* no variance, the monuments given in both fixing the course definitely.

SAME.—A petition for such annexation is not faulty because it excepts from its prayer platted territory within the lines of a larger territory described, nor because the territory sought to be annexed is composed of separate tracts, some of which do not adjoin the existing city boundary, if they do adjoin each other.

SAME.—*Decision of County Board.*—The sufficiency of reasons for annexation stated in such petition must be left to the tribunal acting upon it, using a sound discretion. That the inhabitants enjoy the advantages of city government and institutions, and ought, therefore, to share its burdens; that its highways should be properly graded and improved; that drainage may be provided, and the like, are sufficient.

SAME.—*Evidence.*—That some of the owners of the proposed territory, not remonstrants, had, four months before the presentation of the petition, given their written consent to the proposed annexation, is not material, nor is it proper evidence for the remonstrants, on the hearing of such a petition, when a number of other owners have refused.

Catterlin *et al. v.* The City of Frankfort.

JURY.—*Misconduct.*—A jocose remark of a juror, trying such a cause, to an owner of territory sought to be annexed, "Do you want that territory brought into the corporation?" which was answered "No," is not such misconduct as should set aside a verdict for annexation.

RECORD.—*Signing Entries.*—That entries were not signed until vacation after the term, does not make the judgment void, it being merely an irregularity. Whether such judgment could be enforced until read and signed in open court, *quære*?

From the Clinton Circuit Court.

*J. N. Sims* and *J. C. Suit,* for appellants.

*O. E. Brumbaugh* and *A. E. Paige,* for appellee.

FRANKLIN, C.—This is a proceeding on the part of appellee to annex certain territory and include it within its corporate limits. The territory sought to be annexed is not platted into town lots and a record made thereof. The application is therefore made to the board of commissioners of the county. Appellants appeared before the board and moved to set aside the notice, which was overruled. They then moved to strike out parts of the petition, which was overruled. They then filed a demurrer to the petition, which was also overruled. They then filed a remonstrance. A trial was had, which resulted in a finding and judgment for appellee. Appellants appealed to the circuit court, where they moved to have the plat made more specific, to dismiss the cause, and strike out the notice, all of which were overruled. They then filed a demurrer to the petition, which was also overruled. Proper exceptions were taken to all of said rulings. There was a trial by jury, verdict for the plaintiff, and over motions for a new trial and in arrest of judgment, judgment was rendered for appellee.

Appellants Catterlin and Pence appealed to this court, and have assigned the following errors:

1st. Overruling motion to dismiss cause.

2d and 3d. Insufficiency of the petition.

4th. Overruling motion for a new trial.

5th. Overruling remonstrants' motion for a new trial.

6th. Overruling motion in arrest of judgment.

7th. Overruling remonstrants' motion for a new trial.

8th. The judgment was not signed in term.

9th. Overruling demurrer to petition.

Under the first specification of errors, it is insisted by appellants that, as the record shows that when the commissioners acted upon the petition there were but two of them present, the board had no jurisdiction to act in the premises. We do not think this position is correct. The 1st section of the 78th chapter, 1 R. S. 1876, p. 348, expressly provides, "That there shall be organized in each county in this State a board of commissioners for transacting county business, to consist of three qualified electors, any two of whom shall be competent to do business." This has been the rule of action ever since the passage of the act of June 17th, 1852, for the organization of county boards; and upon general principles a majority constitutes a quorum to do business, unless a greater number is required. Second clause, section 1, 2 R. S. 1876, p. 315.

It is next insisted that the notice was not published for a sufficient length of time; that in computing the time both the first and last day should be excluded. The statute provides that the common council shall give thirty days' notice of the intended petition. 1 R. S. 1876, p. 311, section 85. Excluding the first day, if the last day is included in the enumeration, the notice is in time, and we think it should be. In the case of *Towell* v. *Hollwey*, 81 Ind. 154, after a review of the cases in this court, the following language was used: "And as this rule has been established in all cases provided for in the code, it should be made uniform in all cases, except where otherwise expressly provided for by the language used." See authorities therein cited. We do not think the language used in this statute requires the exclusion of the last day.

It is further claimed that the notice was insufficient, because it was only signed by the city clerk and attested by the city attorney. We think this is sufficient to show that the

common council authorized the notice to be given, and that it was their notice, the same as if it had been signed in their corporate name. The record shows that the clerk gave the notice by the direction of the common council.

The notice is further objected to for the reason of a variance in the description of the lands sought to be annexed, as contained in the notice, with the description as contained in the petition. In the petition the part complained of is as follows: "Thence east 980 feet to the east side of the Frankfort and Kirklin road; thence with said road north $24\frac{1}{2}°$ west, 1,295 feet to a point," etc. The same description of this part of the line occurs in the notice, except $24\frac{1}{4}°$ instead of $24\frac{1}{2}$, the difference of $\frac{1}{4}°$ for the distance of 1,295 feet. Under the description given in this case the variance is immaterial. There is a fixed point at the beginning of this distance, and a public highway on a straight line along the entire distance to a fixed point established by the section corner common to sections 19, 11, 14 and 15, according to the Congressional surveys; hence the whole of that part of the boundary is so definitely fixed by monuments that it can not be affected or in any way changed by the variations of the magnetic needle at different times. Slight variations in the course may occur in the use of the needle upon different days, or, possibly, in different hours upon the same day. But when a line is run straight from one fixed point to another fixed point, the variations of the needle can not change the course.

The petition is objected to for the reason that it excepts, out of the territory within the bounds described for annexation, the several additions of George A. Smith, Catterlin & Southard, Josiah M. Leeds and D. P. Pence, "and set out a full description of each of them."

According to the plat contained in the transcript as an exhibit accompanying the petition, the additions of Leeds, Pence, and Catterlin & Southard lie contiguous to the present corporate limits of the city, and could be annexed by a resolution of the common council. But the addition of Smith does

Catterlin *et al. v.* The City of Frankfort.

not lie contiguous; there is intervening territory asked by the petition to be annexed between it and the present corporate limits; this last named addition could not be annexed by a resolution of the common council until after said intervening territory had been annexed. Leeds' and Pence's additions are north of the city, and extend from the present corporate limits to the proposed annexation boundary line. Catterlin & Southard's addition lies east of the city, and, while it is contiguous to the present corporate limits of the city, it does not extend east to the proposed annexation boundary line, but there is intervening territory between it and the proposed annexation boundary, which the petition asks to be annexed. Smith's addition lies south of the city, and is not contiguous to the present corporate limits, but has territory intervening, which is asked to be annexed. By sec. 84 of the act approved March 14th, 1867 (1 R. S. 1876, p. 266), and sec. 3195 of the revision of 1881, it is provided that "Whenever there shall be or may have been lots laid off and platted adjoining such city, and a record of the same is made in the recorder's office of the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots." The 85th section of the act of 1867 (the 3196th section of R. S. 1881) provides that "If any city shall desire to annex contiguous territory not laid off in lots, and to the annexation of which the owner will not consent, the common council shall present to the board of county commissioners a petition setting forth the reasons for such annexation, and, at the same time, present to such board an accurate description, by metes and bounds, accompanied with a plat of the lands or territory proposed or desired to be annexed to such city. The common council shall give thirty days' notice, by publication in some newspaper of the city, of the intended petition, describing in such notice the territory sought to be annexed."

The succeeding section provides for the action of the board upon the petition. Under these provisions of the statute, if

we understand appellants' brief, their position is that no part of the territory included in the annexation boundary lines can be annexed unless it is all annexed; and in support thereof we are referred to the case of *City of Peru* v. *Bearss,* 55 Ind. 576. The question in that case was whether the board of commissioners had the power to grant the prayer of the petitions in part and reject it in part—whether they could annex a part of the territory asked for and leave out a part asked to be annexed. This court held that the commissioners had no such powers; but no such question as that is presented in this case. Here the petitioners did not seek to annex these additions, and expressly excepted them from annexation. The petition is further objected to for the reason that the territory sought to be annexed is divided into a large number of separate tracts, parcels or lots of land, and that each one of them does not lie contiguous to the present corporate limits of the city; that the additions excepted from annexation lie between the present corporate limits and some of the territory sought to be annexed.

In the case of *City of Evansville* v. *Page,* 23 Ind. 525, it was held by this court, that where several pieces of platted territory do not all adjoin a city, but adjoin one another, and one of them adjoins the city, they may all be annexed at the same time. It is said in the opinion in that case that "These several pieces of platted territory did not all adjoin Lamasco, but they all adjoined one another, and one of them adjoined Lamasco. If all this territory had been laid off into *lots,* etc., we have no doubt the whole could have been annexed by one resolution. The statute must receive a reasonable construction. To confine the power given to cases where all the lots adjoined, would be absurd. It would compel the annexing town to act upon only one tier of lots at a time, and a street being reached, they could go no further. The object of the Legislature clearly was to enable contiguous territory laid off into lots to be annexed, and a fair construction of the act requires that effect to be given to it." To hold otherwise " is

but a play with words, in disregard of the purpose and spirit of the statute."

The above construction of the statute in relation to the common council annexing territory by resolution we think equally applicable to proceedings before the board of commissioners for the annexation of territory, and that it is not necessary that each one of the subdivisions of the territory sought to be annexed should be contiguous to the present corporate limits of the city, but that it is sufficient if one of them be contiguous to the city, and the others be contiguous to that by being contiguous to each other. But it is insisted that as Catterlin & Southard's and Smith's additions intervene between a part of the territory sought to be annexed and the present corporate limits of the city, that portion of said territory can not be annexed before the additions have been annexed. Catterlin & Southard's addition consists of one tier of town lots, eight in number, extending from the eastern line of the present corporate limits of the city eastward to within some 300 feet of the eastern boundary line of the proposed annexation. The territory north and south of this addition lies contiguous to the city, and contiguous to said territory on the north and south, which lies east of said addition. That makes this part of the territory which lies east of said addition contiguous to territory which is contiguous to the city and sought to be annexed, and brings it within the rule of construction laid down in the case of *City of Evansville* v. *Page, supra.*

As to Smith's addition, it is a tier of town lots, five in number, and extending north and south, along the eastern line of the proposed annexation. The territory north of it is contiguous to the present city limits; the territory west of it is contiguous to that north of it, and the territory south of it adjoins that west of it. Each parcel adjoins another, and is thereby contiguous to the present corporate limits of the city. This addition could not be annexed by resolution of the common council, nor by proceedings before the board

of commissioners, because it had been platted and the plat recorded. The petition is further objected to for the alleged cause of the insufficiency of the reasons stated for annexation. The statute does not prescribe what reasons shall be set forth, and their sufficiency is necessarily left to the sound discretion of the authority passing upon the petition.

The reasons stated in this petition are as follows:

1st. That the persons residing on said territory have all the advantages of the city government and its various institutions, and ought to share in its burdens.

2d. That the present corporate limits are very irregular, and should be made more uniform, in order that the burden of taxation could be more equally applied.

3d. There is a permanent grade established in said city for the improvement of her public highways, and that it is necessary that the aforesaid territory be annexed in order that a uniform grade may be established, and the territory laid out and platted to correspond with the grade and plat of the present incorporated city, where permanent and valuable improvements are to be made.

4th. That said territory should be annexed in order that there may be some means for the proper improvement of highways therein.

5th. Because the public convenience and health require that said territory should be under the jurisdiction of said city, that the same may be properly drained by substantial surface drainage and sewerage.

6th. Because said territory is thickly populated, and it is necessary that said city should have jurisdiction over the same to enforce ordinances for the protection of property and the persons of the citizens of said territory.

7th. Because it is necessary, in order to foster and encourage the growth and prosperity of said city, that said territory should be annexed.

In the case of *Elston* v. *Board, etc., of Crawfordsville*, 20 Ind. 272, similar, though not so full, reasons were held to be

sufficient. In the case of *Stilz* v. *City of Indianapolis,* 55 Ind. 515, a petition stating similar reasons was held good, though in that case no objection appears to have been made to the sufficiency of the reasons stated. We think the reasons stated in this petition entirely sufficient, and they certainly are numerous enough. There was no error in overruling the demurrer to the petition and the motion to dismiss it.

The 85th section of the statute, *supra,* also provides that "the limits of any city may be extended over any lands or contiguous territory, by the consent of the owner thereof in writing and a resolution of the common council, passed by a two-thirds vote, extending the limits of such city over such lands or territory, which written consent and resolution shall be entered at length in the records of said city."

Under this provision of the statute, the thirty-fifth reason for a new trial alleges that the court erred in refusing to allow remonstrants to introduce in evidence the written consents of a number of the owners of territory included in the petition for annexation, which had been procured in November, 1880, to be used in a former proceeding for annexation then pending before the common council. The present proceeding was commenced in March, 1881. These were not written consents in the present case, and no offer was made to file such consents in this case. This is not a proceeding to annex by resolution of the council, but by order of the board of commissioners, and if consents had been filed in this case they could have affected the question of costs only as to those filing them, and could not have benefited the remonstrants. We can not see that they had any interest in the question, or that it could have availed them anything to have made the proof. The jurisdiction of the board of commissioners was not dependent upon any action that the common council had taken in a previous proceeding for annexation, but upon the petition and the necessary steps taken in the case pending before them. There was no error in excluding this evidence. We can not see that appellants have any right to complain

that the necessary or proper steps were not taken to procure and file written consents in this case, unless they themselves had so consented, and all the others were willing to do likewise. The proof shows that a large number of those residing and owning real estate within the limits proposed to be annexed, refused to give their written consent to annexation, and none were signed or filed, or offered to be filed.

Under the motion for a new trial it is also insisted by appellants that the court erred in giving the following instructions to the jury :

"It is not necessary that all the owners of the territory proposed to be annexed would not give their consent in writing to the city for the annexation of such territory. It is sufficient upon this point if a part of such owners would not so consent." The court also further instructed the jury, that "the fact that certain owners of real estate within the territory sought to be annexed may have, previous to the commencement of this cause, consented in writing that their lands might be annexed, is no reason of itself why the annexation should not be made, if there were others owning land in said territory, and who would not consent."

The above, included in the thirty-six instructions objected and excepted to, are pointed out as being erroneous; and it is insisted that these instructions are in violation of the letter of the statute, for the reason that both the words "territory" and "owner" are used in the singular number, and that the court had no jurisdiction of the territory of any one who was willing to consent, in writing, to the annexation of his territory. Section 798, 2 R. S. 1876, p. 314, provides that "words importing the singular number only, may also be applied to the plural of persons and things." See, also, the case of *Garrigus* v. *Board of Commissioners, etc.,* 39 Ind. 66.

The statute is to have a reasonable construction, and is to be governed by the obvious meaning and import of the terms used, and the words are to be taken in their plain, or ordinary and usual sense. 2 R. S. 1876, p. 315, 1st clause of section 1 ;

*Green* v. *Cheek,* 5 Ind. 105; *Woodfill* v. *Town of·Greensburgh,* 18 Ind. 203. It is not shown that the persons, who it is claimed had consented to a former proceeding for annexation, or might be willing to consent to this, owned land contiguous to the present corporate limits of the city, and contiguous to each other, so that the territory owned by them could be annexed by resolution of the common council.

We think, therefore, that a reasonable construction of the statute gives the board of commissioners jurisdiction over all the territory sought to be annexed, in one application, without having to resort to a multiplicity of suits.

It is also claimed that the court erred in refusing to give the 8th instruction asked by the appellants, which is the converse of the above ones given. No additional objection to the ruling on this instruction has been pointed out, and we see no reasonable objection to the refusal to give it.

It is also claimed that the court erred in giving the following instruction:

"It is not necessary that every tract or parcel of land contained in the territory proposed to be annexed should be contiguous to the city limits. It is sufficient upon this point if some of such tracts or parcels of land are contiguous to the boundary of the city, and the tracts and parcels of land comprising such territory are contiguous to each other."

This instruction is in accordance with the rule laid down by this court in the case of *City of Evansville* v. *Page, supra.* The other instructions given and refused are only named and referred to by appellants in their brief, without pointing out any specific objections to the rulings thereon. We have not examined them for the purpose of hunting out whether any real objection exists to them. If appellants think that any such objection existed, they ought to have pointed out in their brief such objection.

The fifth reason stated for a new trial is misconduct of one of the jurors trying the cause. During the progress of the trial, the jury were sent out to view the situation of the territory

proposed to be annexed, and, while so engaged, one of the
jurors asked a man engaged in plowing in a field whether he
wanted that field brought into the corporation? when the
man answered, "No." Forsythe, the man in the field, filed
an affidavit that the juror then replied, ".Well, I guess it will
be in the corporation." The juror filed an affidavit that he
jocosely asked the question, and, when so answered, he made
no reply whatever; that he thought no more about it, and the
matter had no influence upon his mind or action as a juror.
The other jurors did not hear it. The question was submitted
to the court upon affidavits and counter affidavits filed with
the oral testimony of the jurors. We see no sufficient reason
for disturbing the ruling of the court thereon. See the case of
*Carter* v. *Ford Plate Glass Co.*, 85 Ind. 180, and the authorities
therein cited; *DePriest* v. *State, ex rel. Harris*, 68 Ind. 569.

The evidence clearly tends to support the verdict of the
jury, and the verdict is not contrary to law. There was no
error in overruling the motion for a new trial. The over-
ruling of the demurrer to the petition sufficiently decides the
question as to the overruling of the motion in arrest of judg-
ment. A petition correctly held good on demurrer can not
be held bad on a motion in arrest.

The fact that the judge may not have signed the record un-
til in July, 1881, and after the adjournment of the court, may
have been an irregularity, but did not affect the validity of
the judgment. The statute requires the record of the pro-
ceedings of the court to be daily signed by the judge, and that
no execution shall issue upon any judgment or decree until
the record has been so signed; if for any cause it has not been
so signed during the term at which the proceedings were had,
it may be afterwards signed. R. S. 1881, secs. 1330, 1331;
*Griffith* v. *State*, 36 Ind. 406; *Kent* v. *Fullenlove*, 38 Ind. 522.
While the judgment is irregular, though not void, for the
reason that it was signed by the judge in vacation, it may be
that it can not be enforced until it has been read in open court
by the clerk and signed by the judge in term, though it is

not necessary for us to decide this question in this case, and we do not decide it.

We have endeavored to examine and decide all the questions presented by the record that have been discussed by appellants in their brief, and we find no available error in this record. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion that the judgment of the court below be and it is in all things affirmed, with costs.