Howard, J.
Under provisions of sections 87 and 38 of the act approved March 6, 1891, known as the City Charter, sections 3808, 3809, Burns’ R. S. 1894 (Acts 1891, p. 137), thé city of Indianapolis proceeded to annex certain territory, a part of which consisted of unplatted lands owned by the appellant railroad companies.
Appellants appealed from such annexation to the court below, claiming the right to take such appeal by reason of the provision in section 38 of said act, that “an appeal may be taken from such annexation, by one or more resident freeholders, in the territory sought to be annexed, filing their remonstrance in writing against such annexation,” etc.
Appellee proved to dismiss the appeal for the reason that the appellants were not “resident freeholders in the territory sought to be annexed,” filing the affidavit of Mayor Denny in support of such motion.
In answer to the motion and affidavit of appellee the appellants, by the solicitor of the first named appellant, filed a counter affidavit, giving reasons- to show that appellants were resident freeholders in the territory, as follows: “That one of the offices of said plaintiff and an office of one of the superintendents of the said Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company is, and was at the time of the filing •of said complaint, located in the city of Indianapolis, Indiana, where the business of the Indianapolis division of said company is transacted, a part of the railroad and property of said division being situated in and upon the territory described in the complaint; that in said territory is the office of the master me *292 chanic of the said'railway company; and the business of the shops for the construction and repair of cars, engines and machinery of said company for said division is situated in said territory; that the said Cincinnati, Hamilton and Indianapolis Railroad Company [the remaining appellant] is a corporation under the laws of the State of Indiana and has an office and place of business in the said city of Indianapolis.”
According to the showing thus made in the affidavit, if each of the appellants was an individual instead of a corporation, such individual would have no right of appeal under the statute.- The substance of the affidavit is, that the appellants each have an office and place of business in the city of Indianapolis, that is, outside the territory to be annexed; while, in addition to this, they have railroad property in the territory in question, and the first named appellant has a master mechanic’s office there, together with the business of its construction and repair shops. If any residence is shown by the facts stated, it is a residence in the city of Indianapolis, with only property and business in the territory to be annexed.
In Kirkland v. Board, etc., 142 Ind. 123, we held that the phrase “resident freeholders upon such street,” as used in section 73 of the city charter, was not equivalent to residents of the city of Indianapolis owning property upon such street, but was intended to mean persons residing upon the street and owning property thereon. And in the recent case of Taggart, Aud., v. Claypool, 145 Ind. 590, 32 L. R. A. 586, in considering the same sections of the city charter now again before the court in the case- at bar, it was held competent for' the legislature to confine the right of appeal in annexation proceedings to “resident freeholders in the territory sought to be annexed.” Unless, therefore, it should appear that railroad corporations have some *293 privileges under this statute, in addition to those given to individual citizens, it must follow that in the case now before the court there was no right of appeal in the appellant companies.
The authorities to which counsel refers have relation', for the chief part, to the domicile of corporations. In general, the domicile of a corporation is in the state from which it receives its charter; though a railroad company having its road in two or more states, but being one corporation, with one management and board of directors, may be said to be' a separate corporation in each of said states, and governed as to its property in each state by the laws thereof. For most purposes the company may be sued in any county in the state through which its road runs, by service of process upon the proper officer or agent therein. Aspinwall v. Ohio, etc., R. R. Co., 20 Ind. 492; Pittsburgh, etc., R. W. Co. v. Harden, Treas. 137 Ind. 486; Eel River R. R. Co. v. State, ex rel., 143 Ind. 231.
In 1 Wood on Railroads (Minor’s ed. 1894), p. 30, it is said: “A corporation, like individuals, may have a domicile in one state and residence in another. Its domicile, as we have seen, is in the state creating it, but its residence is in the place where its principal office is located and its principal operations are conducted.” And in the same work, p. 31, quoting from an English case, it is said: “The ‘home’ of a corporation must be' taken to be that place which is occupied as such, — where their profits come home to them, where orders emanate, and where the chief offices of the company are to be found.” And, again, on the page last cited: “In most of the, states, as to railroad corporations, it is held that they are, for many purposes, to be regarded as constructively residents of each county, city or town through which the road passes. But for ordinary purposes they are treated as having their *294 residence only in the place where their principal office, is located, and their principal business is transacted.”
In Rapalje and Lawrence’s Law Dictionary, p. 1113, it is said: “Residence is used in law to, denote the fact that a person dwells in a given place, or, in the case of a corporation, that its management is carried on there.”
Following these authorities, we should conclude that, at most, the record shows that appellants’ residences were in the city of Indianapolis, where the business of said companies was transacted, and not in the territory to be annexed.
We do not think, however, that the domicile or residence of the companies, as such, is in question in the case at bar. It is to be remembered that the legislature might have provided for annexation of territory to the city without giving any right of appeal.
We are of opinion that it was the intention of that body, in this provision of the city charter, to confine the right of appeal from annexation to those persons who should be citizens and freeholders of the territory to be annexed. Such persons, as said in Kirkland v. Board, and Taggart v. Claypool, supra, have special interests in the matter; whereas the rights of mere property owners are not materially affected. In the case last cited the court said: “It is the convenience, safety and well-being of the inhabitants of the territory to be affected, on the one hand, and that of the city on the other, that the statute makes the criterion for determining the question of annexation.” As to any difference in local taxation, it was also said in that case, that, while annexation makes the property owner liable to city taxation for local purposes, “he is freed from local taxation in the township or other political subdivision wherein he was taxed before annexation.” Besides, as may be inferred, “the benefits to be derived *295 from the expenditure of public money raised by taxation in the city would be correspondingly increased.”
We find no error in the record.
Judgment affirmed. ■