Hiatt *v.* Town of Darlington.

HIATT, ET AL., TRUSTEES OF GLEN LODGE No. 149, INDEPENDENT ORDER OF ODD FELLOWS *v.* THE TOWN OF DARLINGTON.

[No. 18,603.    Filed May 19, 1899.]

TOWNS.—*Annexation of Territory.—Order of County Commissioners.* *—Collateral Attack.*—The board of county commissioners has jurisdiction to determine the sufficiency of a petition of town trustees, under section 4426 Burns 1894, for the annexation of territory, and where its record shows that the petition came on to be heard, and it was found that due notice had been given, such record is conclusive, and is not subject to collateral attack because of any irregularity in the election or qualification of the town trustees who petitioned for the annexation, or because of any failure to serve with notice some landowners within such territory. *pp. 574-579.*

SAME.—*Annexation of Territory.—Notice to Landowners.—Collateral Attack.*—Persons who were not served with notice of a proceeding for the annexation of territory to a town, as provided by section 4426 Burns 1894, but who unite in a joint attack thereon with others who were so served, cannot in that proceeding maintain the attack upon any grounds which are not available to their co-plaintiffs. *pp. 574-579.*

PLEADING.—*Answer.—Demurrer.*—Where a complaint fails to state a cause of action, it is never reversible error to overrule a demurrer to an answer thereto. *p. 580.*

SAME.—*Argumentative Denial.—Demurrer.*—A denial is not demurrable because argumentative. *p. 580.*

TOWNS.—*Annexation of Territory.—When Owners of Lands Estopped from Questioning Validity of Annexation Proceedings.*—Where an owner of territory annexed to a town stands by and permits the municipality to expend large sums of money in building streets, alleys, and sidewalks, enhancing the value of his property, he will be estopped from disputing the validity of annexation proceedings of which he had notice. *pp. 580, 581.*

SAME.—*Annexation of Territory.—Validity of Proceedings.*—The proceedings to annex territory to a town are not rendered invalid by the facts that the certificate of election of the town trustees presenting the petition was not filed until the validity of their acts had been called in question in another suit, which had been dismissed,

Hiatt v. Town of Darlington.

that taxes paid by owners of the annexed land exceeded the improvements made thereon, and that the owners held in fee the cemetery lots in such land.  *p. 581.*

From the Montgomery Circuit Court.  *Affirmed.*

*Ballard & Ballard,* for appellants.

*Chas. Johnston* and *W. H. Johnston,* for appellee.

Dowling, J.—The appellee, the town of Darlington, by T. M. Campbell, W. E. Wilson, and F. W. Campbell, acting as its board of trustees, on the 25th day of May, 1893, filed its petition with the board of commissioners of the county of Montgomery, in which county said town was situated, for the annexation of a tract of unplatted land contiguous to the town.

Campbell, Wilson, and Campbell were described in the petition as the board of trustees of the town, and they subscribed it in their official capacity.  The petition conformed to the requirements of the statute.  It was accompanied with a map accurately describing by metes and bounds the territory proposed to be attached, verified by affidavit, and it set out the names of the persons supposed to be the owners of the said land.

At the regular June term of the said board of commissioners, on the 8th day of June, 1893, the petition came on to be heard, and the board found that due notice of the same had been given by publication more than thirty days before the first day of said June term; that the persons named in said petition, among whom were the appellants herein, excepting John J. Kirkpatrick and Sabina Cozad, were the owners of the whole of the said territory; and that all of them had been served with notice of the pendency of the said petition.  These facts appeared on the face of the record of the board.

No objection seems to have been made by any one, and the board rendered judgment granting the prayer of the petition; and it caused an entry to be made on its order-book,

specifying the territory annexed, with the boundaries thereof, according to the map and survey.

Subsequently the town in good faith caused streets, alleys, and sidewalks to be laid out and constructed in the territory so annexed, expending large sums of money therefor.

Four years after these proceedings of the board annexing said land, the appellants brought this suit in the Montgomery Circuit Court to have the said order of annexation declared void.

The complaint was in three paragraphs. The first, after setting out the proceedings for such annexation in detail, averred that the inspectors of the election at which the said Campbell, Wilson, and Campbell were elected such trustees of said town did not at any time after the said election make and file in the office of the clerk of the circuit court of Montgomery county a certificate of the election of the said Campbell, Wilson, and Campbell as such trustees.

The second paragraph, in addition to the formal matters contained in the first, alleged that no notice of the petition and proceedings for annexation of the territory in question was given to any of the owners thereof.

The third paragraph differs from the second only in the averment that no notice of the proceedings was served on John J. Kirkpatrick, one of the appellants, or upon some twenty-one other persons whose names are set out, all of whom, it is charged, were known resident owners of real estate within the territory annexed.

Demurrers to the several paragraphs of the complaint were overruled, and the defendant answered in four paragraphs. The first two were in denial. The third alleged that Campbell, Wilson, and Campbell were duly elected trustees of the town, and performed the duties required of them by law; that they filed the petition for the annexation of the said territory; that due notice was given to all the owners thereof; and that upon such petition the board of commissioners at their June term, 1893, made the order of annexation. It

was further averred that on the 7th day of June, 1897, and before the commencement of this suit, the certificate of the election of the said Campbell, Wilson, and Campbell, as such trustees, was filed in the office of the clerk of Montgomery county.

The fourth paragraph of the answer averred, among other things, that all of the owners of the land sought to be annexed, including the appellants, were personally served with notice of the proceedings; that at its June term, 1893, the board of commissioners, with the knowledge of the appellants and of all the owners of the said land, made the order of annexation; that afterwards the said town, in good faith, and without knowledge of any defect in the proceedings for annexation, laid out and made improvements in the territory so annexed, consisting of streets, alleys, and sidewalks, and expended large sums of money therefor, and that it incurred a debt for a school building for the use of the school children of said town, including those in the territory annexed; that bonds were issued for said debt and were outstanding and unpaid; and that the appellants and the other owners of land within the boundaries of the territory annexed stood by without objection, and permitted said improvements to be made for the benefit of their property.

Demurrers to these answers were overruled.

The second paragraph of the answer being properly treated as an argumentative denial, replies were filed to the third and fourth paragraphs only.

The first paragraph of the reply to the third paragraph of the answer attempted to avoid the defense pleaded in that paragraph by alleging that the certificate of the election of Campbell, Wilson, and Campbell as trustees was not filed in the clerk's office until the validity of the official acts of the said Campbell, Wilson, and Campbell had been called in question by the appellants in another action between said town and said appellants.

The second paragraph of reply to the fourth paragraph of

Hiatt *v.* Town of Darlington.

the answer averred that the total cost of the improvements made by the town in the territory annexed, did not equal the amount of general taxes paid to said town by appellants and the other owners of lands within the territory annexed, and that the debt for the school building was incurred without authority of law.

The third paragraph of the reply set up the same facts as were alleged in the second paragraph, with the additional statements that the only land owned by the appellant Glen Lodge No. 149, in said territory was a cemetery, which is not subject to taxation, and that the other owners objected to the issuing of the bonds by the town on account of the debt for the school building, and that appellee had knowledge of these facts.

The fourth paragraph of reply to the second paragraph of the answer alleged that the lots in the cemetery embraced in the territory annexed were held by the owners thereof in fee simple.

To each paragraph of the reply a demurrer was sustained, and the appellants refusing to plead further, judgment was rendered against them.

The errors assigned are the rulings of the court upon the demurrers to the second, third, and fourth paragraphs of the answer and to the second, third, and fourth paragraphs of the reply.

The question with which appellants are met at the threshold of this appeal is, are the proceedings of the board of commissioners in the matter of the annexation of the lands in controversy open to attack by them?

The section of the statute under which these proceedings were taken is as follows:

"When any town shall desire to annex contiguous territory thereto, not platted or recorded, the trustees shall present to the board of county commissioners a petition setting forth the reasons for such annexation, and shall accompany the same with a map or plat accurately describing by metes and

bounds, the territory proposed to be attached, which shall be verified by affidavit.   Such trustees shall give thirty days' notice, by publication in a newspaper printed in such town, if any; otherwise in the county, or, if none, then by posting up such notice in five or more public places within the corporation.   A copy of such notice shall be served on the owner or owners of such territory, if known and residents of the county."   Section 4426 Burns 1894, section 3389 Horner 1897.

The power and right of the board of commissioners of Montgomery county to hear and determine the petition of the town of Darlington for the annexation to the town of contiguous unplatted territory are not denied.  Having jurisdiction of the subject-matter of the proceeding, did the board obtain jurisdiction of the persons of the owners of the territory proposed to be attached?   The proceedings of the board which are set out at length in the complaint, disclose that all of the appellants, excepting possibly John J. Kirkpatrick and Sabina Cozad, were named in the petition for annexation as known resident owners of the territory to be attached, and that they were personally served with notice of the petition and proceedings.   Even if Kirkpatrick and Cozad were not served they are in no better condition than the other appellants who were served.   They have united with the other appellants.   Their interests cannot be severed from those of their co-plaintiffs.   The cause of action is entire, and if the complaint fails to show a good cause of action as to any of the plaintiffs, it is bad as to all.   *Town of Cicero* v. *Williamson,* 91 Ind. 541; *Peters* v. *Guthrie,* 119 Ind. 44; *McIntosh* v. *Zaring,* 150 Ind. 301, and cases cited.

The appellants other than Kirkpatrick and Cozad cannot assail the proceedings because they were parties to them, and are shown to have been served with notice.   Their only remedy was by appeal from the judgment of the board.

In *Board, etc.,* v. *Hall,* 70 Ind. 469, it is said: "The filing of the petition calls into exercise the jurisdiction of the

board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite number of freeholders of the township, but every other fact necessary to the granting of the prayer of the petition, including the due organization, under the laws of this State, of the company in whose favor aid is asked.

"By making the order granting the prayer of the petition, the board must be taken to have decided that the company was such a one as was, under the statute, entitled to aid; and if, in this respect, it has committed an error, the decision is, nevertheless, binding and conclusive, unless appealed from, and cannot be attacked collaterally, as by injunction upon the collection of the tax. These principles are well established by the authorities above cited upon the point, and by numerous others. See *Snelson* v. *State*, 16 Ind. 29; *Dequindre* v. *Williams*, 31 Ind. 444."

In *Town of Cicero* v. *Williamson*, 91 Ind. 541, the court say: "Where a petition, authenticated by the signatures of the town officers, and professing to be the petition of the town is filed with the board of commissioners, is adjudged sufficient, and judgment is entered annexing the contiguous territory, it will conclude taxpayers from raising, in a collateral attack, any questions as to the formality of the proceedings by the town trustees. Such questions are necessarily decided by the board of commissioners, and are, therefore, so conclusively adjudicated as not to be brought into consideration by a collateral attack. *Catterlin* v. *City of Frankfort*, 87 Ind. 45. * * * Where notice is required before an inferior tribunal can act, and it does act, it is not essential that its records should show that it expressly adjudged the notice sufficient. The action does this by implication, and is enough to express the decision. *Board, etc.*, v. *Hall*, 70 Ind. 469."

Again in *Stoddard* v. *Johnson, Treas.*, 75 Ind. 20, on page 30, it is said: "These authorities show further, that when an inferior tribunal is required to ascertain and decide

upon facts essential to its jurisdiction, its determination thereon is conclusive as against collateral attack, and that, in such proceedings as that under consideration, the filing or presentation of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite land-owners, but every other fact necessary to the granting of the prayer of the petition; for instance, in this case, whether the proposed improvement, its kind, and the points between which it was to be made, and the like, were sufficiently stated. And it is not necessary that the record of the board shall show an express finding upon such facts. Such finding will be presumed in support of the proceedings, if the record shows an order granting the petition, or for the taking of the steps necessary to the accomplishment of the end designed. * * * By the presentation of the petition, the judgment of the board upon its sufficiency was invoked, and their judgment in this respect, as much as in other respects, is exempt from collateral attack."

*Jones, Treas.,* v. *Cullen,* 142 Ind. 335, was a suit to enjoin the treasurer of Rush county from collecting a tax levied upon the lands of the appellee and others in aid of the construction of a railroad. The principal question involved was the validity of an order of the board of commissioners making a donation to the railway company, and levying a special tax for the purpose of raising the sum donated. In speaking of the jurisdiction of the board, and the presumptions concerning it, the court say: "In the case at bar, as we have seen, the board of commissioners of Rush county had the exclusive original jurisdiction of the subject-matter of granting aid to railway companies by townships of that county; and it appears that this board at least assumed to, and did make, the orders which the appellee in this collateral proceeding now seeks to assail upon the ground that they are absolutely void. It follows, therefore, and we do so adjudge,

that the jurisdiction of the commissioners' court over the subject-matter thus appearing, the same presumptions of regularity attend all of its particular proceedings in controversy that attach to those of a court of general jurisdiction. It will therefore be presumed in aid of the order upon a collateral attack against the same that every fact necessary to its validity existed. The power to decide, implies also the power to decide wrong as well as right. These principles of law are fully sustained by the following authorities: *Jackson* v. *Smith*, 120 Ind. 520; *Chicago, etc., R. Co.* v. *Sutton*, 130 Ind. 405; Van Fleet Coll. Att. pp. 874, 875; *State, ex rel.*, v. *Wolever*, 127 Ind. 306; *Turner* v. *Conkey*, 132 Ind. 248, 17 L. R. A. 509; *Alexander* v. *Gill*, 130 Ind. 485; *McLaughlin* v. *Etchison*, 127 Ind. 474; *Bass* v. *City of Fort Wayne*, 121 Ind. 389; *Otis* v. *DeBoer*, 116 Ind. 531. The question which seems to be the test of jurisdiction is—had the tribunal authority to act within range of the general subject? If it had, then there was jurisdiction. *Adams* v. *Harrington*, 114 Ind. 66; *Young, Tr.,* v. *Wells*, 97 Ind. 410; *Tallman* v. *McCarty*, 11 Wis. 420; *Colton* v. *Beardsley*, 38 Barb. 29.

"The earlier decisions of this court on this point, among which are the case of *Hord* v. *Elliott*, 33 Ind. 220, and others cited by appellee, lay down a general rule which seemingly the court applied to orders and proceedings of boards of commissioners in each particular matter wherein exclusive original jurisdiction was conferred upon them. These decisions, we think, must be held and deemed to be modified and distinguished in the later cases to which we have referred. The principle that where a tribunal has jurisdiction of the general subject, its determination that facts essential to jurisdiction exist, is conclusive as against a collateral attack, has been asserted and enforced by this court in many cases, and has been held to apply to the acts of common councils as well as to boards of commissioners. See *City of Indianapolis* v. *Consumers, etc., Co.*, 140 Ind. 107, 27 L. R. A. 514, and authorities there cited."

In *Denton* v. *Arnold*, 151 Ind. 188, the rule is thus stated: "Counsel for appellant urge that the answer is not sufficient, for the reason that it does not disclose that appellant was notified of the pendency of the petition to sell the real estate in the particular manner prescribed by the statute. It is alleged in the answer, however, that she was a party to the proceedings and that due notice was given to her of the pendency of said proceedings; and it further appears that the court assumed jurisdiction in the action, and ordered the sale of the land. This was an adjudication by the court upon the question of notice, and we must presume that the court did its duty, and found, before it rendered its judgment, that appellant as a party to the petition, had been duly notified thereof, as required by law. *First. Nat. Bank* v. *Hanna, Adm.*, 12 Ind. App. 240; *Jackson* v. *State, ex rel.*, 104 Ind. 516; *Forsyth* v. *Wilcox*, 143 Ind. 144." See, also *Gold* v. *Pittsburgh, etc., R. Co.*, (Ind. Sup.) 53 N. E. 285, and cases cited.

It is evident from these authorities that the board of commissioners of Montgomery county had jurisdiction to determine the question of the sufficiency of the petition for the annexation of the territory, the competency and authority of the officers who signed it on behalf of the town of Darlington, and also the question whether the notice prescribed by the statute had been given, and whether the persons named as the owners of the land, including the appellants, had been properly served with notice. Not only does the action of the board indicate that it deemed that the petition was signed and presented by officers who had authority to represent the town, and that notice had been given to the owners of the land to be annexed, but the record of the board discloses that it expressly adjudged that such notice was given.

The appellants, the trustees of Glen Lodge No. 149, Independent Order of Odd Fellows, William N. Bowers, George Kashner, and Jordan H. Harris, were conclusively bound by the order and judgment of the board of commissioners in the

annexation proceedings, and they cannot be heard to question its validity in this action.

As the complaint, therefore, did not state facts sufficient to constitute a cause of action as to all of the plaintiffs (if indeed, it was sufficient as to any of them), it was not error to overrule the demurrers to the answers, even if the answers were insufficient. A bad answer is good enough for a bad complaint. *Ice* v. *Ball*, 102 Ind. 42; *Reeves* v. *Howes*, 104 Ind. 435; *Low* v. *Studabaker*, 110 Ind. 57.

But we think the answers were good. The facts on which issues were tendered by each paragraph of the complaint were sufficiently confessed and avoided, or denied, by each paragraph of the answer.

The second paragraph of the answer was an argumentative denial. It was not error to overrule a demurrer to it. *Clauser* v. *Jones*, 100 Ind. 123; *Leary* v. *Moran*, 106 Ind. 560.

The third paragraph of the answer directly traversed all the allegations of the complaint as to the failure to notify appellants of the annexation proceedings, and it averred the filing of the certificate of the election of the trustees before the commencement of this action.

The fourth paragraph of the answer, in like manner, showed that notice was served on all the owners of the land annexed, and it also set up the fact that the appellants had stood by and permitted the appellee to lay out and make improvements in the territory attached, consisting of streets, alleys, and sidewalks, and to expend large sums of money therefor, that by these improvements, the value of the property of appellants was enhanced, and that such improvements were made in good faith, and with no knowledge that any defect in the proceedings for annexation existed.

These acts of the appellee described in the fourth paragraph of the answer were public, and were such that the resident owners of the land annexed were bound to take notice of them. Not only was the town corporation interested in them,

but the individual citizens of the town, and of the territory annexed, were also liable to be influenced by them in the purchase and improvement of property with reference to such streets, alleys, and highways, as well as by the circumstance that the territory appeared to be within the corporate limits of the town, and therefore exempt from certain burdens, and entitled to many privileges and enjoying numerous advantages as a part of an incorporated town. As was said in *Strosser* v. *City of Fort Wayne*, 100 Ind. 443, "If a taxpayer were permitted long to acquiesce in the order of annexation, and then secure its overthrow, great confusion would ensue and much injustice be often done. High considerations of public policy and justice require that a taxpayer who is notified that a public corporation claims to have extended its limits so as to take in his property should act with promptness and proceed with diligence, if he would resist the attempted annexation."

The matters pleaded in the several replies were not sufficient to avoid the answers. Their substance is set out elsewhere in this opinion, and need not be repeated. It is enough to say that the facts that the certificate of the election of the trustees was not filed until the validity of their acts had been called in question in another suit, which was dismissed, that the taxes paid by the appellants to the appellee equaled or exceeded the cost of the public improvements made in the territory annexed, and that the appellants were the owners in fee simple of the cemetery lots in the said territory were wholly immaterial. The demurrers to the four paragraphs of reply were therefore properly sustained.

But, as we have said, the first infirmity in the pleadings is found in the complaint, and the sufficiency or insufficiency of the subsequent pleadings is unimportant.

We find no errors in the rulings of the court, and the judgment is affirmed.