THE LAKE ERIE AND WESTERN RAILROAD COMPANY
v. THE CITY OF ALEXANDRIA.

[No. 18,697. Filed November 28, 1899.]

MUNICIPAL CORPORATIONS.—*Proceedings of Common Council.—Annexation of Territory.—Special Session.—Presumptions as to Regularity.*—On appeal from a judgment of the circuit court affirming the action of the board of county commissioners in the annexation of territory to a city, on petition of the common council showing upon its face that it was authorized at an adjourned special session, it will be presumed, the contrary not appearing, that the special session was called for the purpose of acting upon the petition, and that such notice as was necessary was duly given. *p. 523.*

SAME.—*Annexation of Territory.—Petition.—Appeal.—Review.*—The Supreme Court will not pass upon the validity of the reasons stated

in a petition for the annexation of contiguous unplatted territory to a city after the board of county commissioners and the circuit court have adjudged the reasons sufficient, unless their decision is flagrantly improper. *pp. 523-526.*

MUNICIPAL CORPORATIONS.— *Annexation of Territory.*— *Petition.*— *Appeal.*—*Review.*—Unless all of the reasons set forth in a petition for the annexation of contiguous unplatted territory to a city are so plainly insufficient that the granting of the petition would be an abuse of the discretion vested in the board of commissioners and the circuit court, the Supreme Court cannot reverse a judgment of the circuit court affirming the action of the board of commissioners annexing the territory. *pp. 526-529.*

SAME.—*Annexation of Territory.—Petition.—Evidence.—Review.*—A judgment of the circuit court affirming the action of the board of commissioners in the annexation of territory to a city will not be reversed on account of the insufficiency of the evidence to sustain the reasons for annexation stated in the petition if any one of the reasons was sustained by the evidence. *pp. 529, 530.*

From the Madison Circuit Court. *Affirmed.*

*M. A. Chipman, S. R. Keltner, E. E. Hendee, John B. Cockrum* and *W. E. Hackedorn,* for appellant.

*J. A. May, F. A. Walker* and *F. P. Foster,* for appellee.

DOWLING, J.—This proceeding was instituted by the appellee, the city of Alexandria, before the board of commissioners of Madison county, for the purpose of annexing a tract of unplatted land contiguous to said city, constituting a part of the real estate and right of way of the appellant. The appellee, by its common council, filed a petition before the board of commissioners setting forth the reasons for annexation, and notice of said petition was given by publication in the manner prescribed by the statute. Over appellant's objection to this petition, the board entertained jurisdiction of the cause, and ordered the annexation to be made. The railroad company appealed to the circuit court of Madison county, and moved to dismiss the proceeding for want of jurisdiction. The court overruled the motion and, afterwards, such proceedings were had that the court affirmed the action of the board of commissioners. A motion for a new

trial was overruled.   On this appeal, the errors assigned are:

(1) The overruling of appellant's motion to dismiss the petition for want of jurisdiction.   (2) That the board of commissioners of Madison county had no jurisdiction in the cause.   (3) That the circuit court had not jurisdiction of the cause of action, or of the person of the appellant. (4) The overruling of appellant's motion for a new trial.

The appellant, in its motion to dismiss the proceeding, alleged a number of reasons why jurisdiction could not be entertained by the board of commissioners, or the circuit court, but as counsel discuss only two of these, the remainder must be treated as waived.

Appellant contends that as the petition of the common council shows upon its face that it was authorized at an adjourned special session of that body, it is therefore insufficient to give jurisdiction to the board, or to the circuit court. The question, therefore, is presented, has the common council power, at an adjourned special session, to order the presentation of a petition to the board of commissioners for the annexation of territory to the municipal corporation, where it does not appear from the record that the special session was called for that particular purpose?

Every presumption must be indulged in favor of the regularity of the action of the common council in the proceedings which are now collaterally attacked; and, if it were true that no business could be transacted at the adjourned special session of the common council, save that for which such session had been called, and that notice to all members of the council and to the public regarding the purposes of the special meeting was essential to the validity of its acts, we must assume, the contrary not appearing, that this special session was called for the purpose of acting upon this petition and authorizing the resolution in question, and that such notice as was necessary was duly given.   *Carrick* v. *State*, 18 Ind. 409.

It is questionable if in such summary proceedings as the annexation of territory to a city, any notice from the common council to the parties in interest is required prior to the adoption of the petition. All persons affected by the annexation are afforded opportunity to be heard before the board of commissioners, and, if aggrieved, have the right of appeal to the circuit court. No good purpose would be subserved by notifying the party whose land is sought to be annexed that the common council, at the special session, intended to consider the matter of annexation. But, if there was any irregularity in these preliminary proceedings at the adjourned special session of January 26, 1897, they were subsequently cured by the adoption of the petition by the council at its regular meeting on the 8th day of February, 1897. The requisites of such a petition are thus stated in *Huff* v. *City of Lafayette*, 108 Ind. 14: "The petition must be by the common council—must be an act of the common council when in session, representing the city." Agreeably to this test, the petition in the present case is unobjectionable in point of form.

Appellant next contends that the reasons stated in the petition of the city are insufficient. Proceedings for the annexation of territory to towns and cities are well nigh summary in their nature. The statute gives the common council absolute power to annex contiguous platted territory, and the act has been liberally construed by this court. In *Edmunds, Treas.*, v. *Gookins*, 24 Ind. 169, the court says that, even where school land has been platted into lots and streets, and the plat recorded by a school commissioner, not for the purpose of annexation, but to enhance the value of the lots, and thereafter the city is extended to the lots, the common council, by mere resolution, may annex the territory under 1 R. S. 1852, page 220.

In *Collins* v. *City of New Albany*, 59 Ind. 396, the city was permitted to annex land which had been platted into "blocks", although it appeared by the recorded plat that the

owner did not intend the plat to be complete, but proposed subdividing the "blocks" into "lots". The term "lots" as used in the statute was liberally construed so as to include "blocks". The statute, §§3659, 3660 Burns 1894, also empowers cities to annex unplatted land contiguous to the corporate limits in cases where the owner of the territory will not consent to the annexation. This mode of annexation is hardly less summary than that prescribed for the annexation of territory platted into lots. The consent of the owner is not a prerequisite in cases covered by the latter clause of §3659. Although he may earnestly oppose the annexation, he is brought before the board of commissioners by mere publication of notice, and is required to make his objections to the proceedings. He need not even be named in the published notice, but is bound by the decision of the board, or, in case of appeal, of the circuit court, if the land be described with sufficient accuracy. *Woodfill* v. *Town of Greensburgh*, 18 Ind. 203; *Elston* v. *Board, etc.*, 20 Ind. 272; *Powell* v. *City of Greensburgh*, 150 Ind. 148.

It has also been held that the judgment of the board of commissioners cannot be collaterally attacked except upon the ground of want of jurisdiction. *Town of Cicero* v. *Williamson*, 91 Ind. 541; *City of Terre Haute* v. *Beach*, 96 Ind. 143; *Hiatt* v. *Town of Darlington*, 152 Ind. 570, and cases cited. See, also, *Pittsburgh, etc., R. Co.* v. *City of. Indianapolis*, 147 Ind. 292.

It has also been decided that the motives actuating the city in annexing the territory cannot be inquired into upon appeal. *City of Logansport* v. *Seybold*, 59 Ind. 225; *Glover* v. *City of Terre Haute*, 129 Ind. 593.

These decisions indicate the summary nature of proceedings for the annexation of territory to cities. The question is then presented, will this court pass upon the validity of the reasons stated in the petition for annexation, after the board of commissioners and the circuit court have adjudged those reasons sufficient? This inquiry has arisen in several

instances on appeal to this court, and in no case which we have been able to find have the reasons *as such* been held insufficient. In *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549, the court say, on page 557: "It can hardly be necessary to add that nothing is herein said or decided which can be construed to imply a right of appeal from the decisions of the boards upon matters of discretion."

In *Catterlin* v. *City of Frankfort*, 87 Ind. 45, the statement is made, at page 52, that, "The statute does not prescribe what reasons shall be set forth, and their sufficiency is necessarily left to the sound discretion of the authority passing upon the petition." See, also, *Windfall Mfg. Co.* v. *Emery*, 142 Ind. 456; *Chandler* v. *City of Kokomo*, 137 Ind. 295.

While there may be instances in which the abuse of discretion on the part of either the board of commissioners, or the circuit court, is so evident as to require the reversal of the order of annexation, yet this court cannot overlook the fact that the statute gives the aggrieved party the opportunity for two hearings in the inferior tribunals, and of twice urging his objections to the annexation. In view of these facts, it could rarely happen that the land in controversy would be annexed unless good and substantial reasons rendered such annexation necessary or expedient. Neither the circuit court nor the board of commissioners represents either party in interest and, unless their decision in the matter is flagrantly improper, this court will not reverse it.

Among the reasons for annexation set forth in the petition in the present case are the following: "(1) That said territory is a portion of the right of way of the L. E. & W. R. Co., and a large number of persons are almost continuously upon said territory, thereby requiring more and better police surveillance than can be secured without municipal control thereof. (2) That the owner of said territory, said L. E. & W. R. Co., the agents and employes thereof, all enjoy the protection of the police department of

said city without paying any taxes on said territory therefor. (4) That a number of the streets and alleys of said city extend up to said territory on the north and south, and the same should be opened and improved over and across said territory, which could and would be done if said territory was annexed to said city, and that said city has no power to so open and improve the same until such territory has been annexed to said city; that said streets and alleys, together with a number of others that ought to be opened and improved over and across said territory are greatly needed by the citizens of said city, and by the public in general, for the purposes of travel. (5) That it is highly expedient that various drains, sewers, etc., be constructed by said city under, over, along, and across said territory, which cannot be done or accomplished by said city unless said territory be annexed to said city. (6) That it is and will be necessary to construct and put in various water mains and other pipes under, along, and across said territory, which cannot be done by said city until said territory is annexed to said city. (7) That said city is in need of the increased revenue which would result from the taxes levied upon said territory, for certain specified purposes, including repair of streets, police, water and fire service."

Unless all of these reasons are so plainly insufficient that the granting of the petition would be an abuse of the discretion vested in the board of commissioners, and in the circuit court, this court cannot reverse the judgment of the court below on account of their supposed inadequacy.

In *Elston* v. *Board, etc.*, 20 Ind. 272, two of the reasons assigned in the petition for annexation were as follows: "(4) Many persons outside of the present corporation, and within the boundaries prayed for, have attached themselves thereto, for school purposes, and it is but justice that they should assist, by means of their taxes, in supporting said schools. (5) The corporation is in need of the increased revenue which would result from the taxes levied

upon the territory sought to be annexed, for the following purposes, viz.: To provide more suitable and adequate means for the prevention of fires, etc."

The reasons above quoted are similar in their general character to those numbered second and seventh, respectively in the petition of the appellee. Having been held sufficient, in the case above cited, we are not prepared to say that they are inadequate in the present cause.

In *Catterlin* v. *City of Frankfort*, 87 Ind. 45, the reasons assigned for annexation were, among others, the following: "(1) That the persons residing on said territory have all the advantages of the city government and its various institutions, and ought to share in its burdens. (4) That said territory should be annexed in order that there may be some means for the proper improvement of highways therein. (5) Because the public convenience and health require that said territory should be under the jurisdiction of said city, that the same may be properly drained by substantial surface drainage and sewerage. (6) Because said territory is thickly populated, and it is necessary that said city should have jurisdiction over the same to enforce ordinances for the protection of property and the persons of the citizens of said territory."

The above grounds, which closely resemble those assigned in the present case, were held sufficient.

In *Paul* v. *Town of Walkerton*, 150 Ind. 565, some of the reasons on which the petition was based were substantially these: That the inhabitants of the territory, and the persons owning the same, enjoyed all, or many, of the privileges of inhabitants of the town without paying taxes therefor; that their lands were increased in value by proximity to the town; that the territory required police surveillance, which could be better secured by municipal control; and that for the purposes of travel, it was expedient that highways be opened through the territory. In passing upon

Lake Erie, etc., R. Co. *v.* City of Alexandria.

the sufficiency of this petition, this court said: "The petition shows that many persons in said territory have been receiving the benefits and advantages of the town without bearing their share of its burdens and that public interests require that said territory be annexed, and that it is just and equitable and for the public good that said petition be granted. Said petition is clearly sufficient under the decisions of this court. *Elston* v. *Board, etc.,* 20 Ind. 272; *Catterlin* v. *City of Frankfort,* 87 Ind. 45, 52, 53; *Chandler* v. *City of Kokomo,* 137 Ind. 295."

We are unable to perceive any material difference between the reasons set forth in the present case, and those just quoted. On the authority of the foregoing decisions, we are of the opinion that the petition is sufficient.

The appellant next insists that the judgment is not sustained by the evidence. In support of the first reason assigned, namely, the need of police surveillance, Mr. Thurston testified that persons used the territory in question to considerable extent at that time of year; that cars are left along the right of way, and that tramps are found about the yards of the appellant.

Under the fourth reason for annexation, it is shown by the plat of the territory sought to be annexed that not less than six streets and alleys, within the corporate limits, abut upon the appellant's right of way, or are thereby intercepted. The evidence of Mr. Gessler shows that there are several streets of the appellee which stop at the railroad track of the appellant, and which might be extended were the right of way included within the city. The testimony of Mr. Perry, a witness for the appellant, also, indicates that there are a number of streets which come up to the right of way and there stop, and that it seems to be necessary that there should be a road across the appellant's track at a point, in the territory in question where no street has yet been opened under legal proceedings. This evidence fully justi-

fied the jury in finding that the first and fourth reasons were sustained.

In regard to the fifth reason, evidence was given strongly tending to prove that, in order to drain the district north of appellant's right of way, and constituting a part of the city, it will be necessary to connect with Pipe creek, the most available water course in the vicinity, by crossing appellant's land.

Without discussing the other reasons for annexation, or the evidence introduced to support them, we are of the opinion that there was amply enough evidence to sustain the verdict. If any one of the reasons for annexation was sustained by the evidence, under the rule of this court, the judgment could not be reversed, even if we were in doubt as to the side on which the preponderance existed.

Finding no error in the record, the judgment is affirmed.